No. 9324.

Collins *v*. Shaffer.

1. CONTRACTS—*Construction*. Different writings executed cotemporaneously and as part of the same transaction are to be construed as forming one contract.

2. EVIDENCE—*Parol to Vary Writing*. Contract declaring the consideration of a particular promissory note, not expressly mentioned therein, but in fact intended thereby, is not to be varied by parol evidence that the consideration was other and different from that recited in the writing.

*Error to Larimer District Court, Hon. Neil F. Graham, Judge.*

Mr. L. R. RHODES, for plaintiff in error.

Mr. T. J. LEFTWICH, Mr. L. R. TEMPLE, for defendant in error.

Opinion by Mr. Justice Allen.

THIS is an action to recover upon two promissory notes, one for $166.00 and the other for $850.00, each of which had been executed and delivered by the defendant, as maker, to the plaintiff, Ira B. Shaffer, as payee. To the cause of action upon each note respectively, as set forth in the complaint, the defendant, in his answer, interposed the defense of total failure of consideration. Upon trial, and at the close of the evidence, the court directed a verdict in favor of the plaintiff, allowing a recovery upon both of the notes in question. Judgment was rendered accordingly, and the defendant brings error.

So far as the record is concerned with the note for $166.00, no error is pointed out, and this branch of the case need not be discussed. The controversy is principally over the promissory note for $850.00.

The plaintiff introduced in evidence the notes sued on, and also a written agreement. Exhibit C, which had been executed by the parties to this action and one John L. Miller. Exhibit C. is as follows:

## "AGREEMENT.

Agreement between John L. Miller and Ira C. Shaffer, hereinafter called parties of the first part, and William A. Collins, hereinafter called party of the second part.

Witnesseth, that John L. Miller, being the owner of the one-half (½) interest in certain patent issued by the government of the Dominion of Canada being patent No. 162,-330, termed Railroad Switch Operating Mechanism, and Ira C. Shaffer is the owner of the other one-half (½) interest.

NOW, THEREFORE, the said parties of the first part hereby agree to sell and do sell and transfer to the party of the second part each a one-eighth (⅛) of all rights in said patent, so that the party of the second part will become the owner of a one-fourth interest, upon the following terms and conditions, to-wit:

The said party of the second part has this day executed his two promissory notes for the sum of One Thousand Dollars ($1,000) each, drawing eight per cent. interest per annum, payable in one year from date; this to be the payment in full for said interest herein conveyed to the party of the second part by the said parties of the first part.

John L. Miller,
Ira C. Shaffer,
W. A. Collins.

Dated at Fort Collins, Colorado, this 23rd day of December, 1915."

The promissory note for $850.00 sued on by the plaintiff is one of the notes referred to in Exhibit C as being for $1,000. The note was given for $850 instead of for $1,000 for the reason that the defendant advanced, at the same time, the sum of $150 in cash, to the plaintiff.

At the trial the defendant gave testimony concerning certain alleged conversations and oral agreements had between himself and the plaintiff, prior to the execution and delivery of the notes, and prior to the execution of the agreement evidenced by Exhibit C. In this connection, the defendant testified to the effect, among other things, that the true consideration for the $850 note was that the plaintiff should organize a corporation under the laws of the Dominion of Canada, for the purpose of manufacturing, selling, and operating the railroad switch operating mechanism which is mentioned in Exhibit C, and that the plaintiff should deliver to defendant a certain amount of stock in such Canada corporation. Evidence was also offered tending to show the total failure of this alleged consideration.

The plaintiff objected to various questions relating to conversations, circumstances, and representations leading up to the execution of the note for $850, which questions were propounded to defendant by his counsel. The objection was based on the rule relating to the inadmissibility of parol evidence to vary the terms of a written instrument. The evidence was admitted, but at the conclusion of all the evidence in the case the court, on motion of the plaintiff, directed a verdict in his favor. This ruling, which is now complained of by the defendant, was based on the theory that the defendant's parol evidence relating to the consideration for the note in question was inadmissible, and should be disregarded as varying the terms of a written contract, to-wit, Exhibit C.

It is conceded that the promissory note for $850, and the written agreement, Exhibit C, were executed contemporaneously with each other, and as a part of the same transaction. They should, therefore, be construed together as forming one contract. 8 C. J. 196, sec. 327; 3 R. C. L. 870, sec. 54; *Frost v. Fisher,* 13 Colo. App. 322,. 58 Pac. 872. The contract recites, as shown in Exhibit C, that the notes are "payment in full for" a one-fourth interest in a certain patent issued by the government of the Dominion of Canada. The consideration for the notes is thus particularly set out. The consideration sought to be proved by the defendant by his parol evidence was wholly different from that described in Exhibit C. Such evidence does not come within any of the exceptions to the rule that parol evidence is inadmissible to vary the terms of a written instrument, and the court committed no error in disregarding the same, and in directing a verdict for plaintiff. 17 Cyc. 659; 10 R. C. L. 1044, sec. 238; *Langan v. Langan,* 89 Cal. 186, 26 Pac. 764; *Hubbard v. Marshall,* 50 Wis. 327, 6 N. W. 497.

The judgment is affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.