## BECK ELECTRIC CONSTRUCTION COMPANY v. NATIONAL CONTRACTING COMPANY AND OTHERS.[1]

June 27, 1919.

No. 21,313.

**Accord and satisfaction — payment by check.**

1. Receiving and cashing a check which shows on its face that it is to be accepted as full payment of a disputed claim or returned, operates as an accord and satisfaction of the claim.

**Same — erasure of words "in full."**

2. The effect of cashing the check is not changed by erasing the words, "in full," without the knowledge or consent of the other party, as it must be accepted as tendered or rejected.

Action in the district court for Douglas county to foreclose a mechanic's lien. The case was tried before Roeser, J., who made findings and

[1]Reported in 173 N. W. 413.

as conclusions of law found that plaintiff was entitled to recover against National Contracting Company and Louis Ginther; that defendant Hart was entitled to recover against defendant Ginther, and ordered a sale of the real estate to satisfy the judgments. From the judgment entered against Louis Ginther and in favor of William E. Hart, Louis Ginther appealed. Reversed.

*Constant Larson,* for appellant.

*George L. Treat,* for respondent.

TAYLOR, C.

This action was brought to enforce a mechanic's lien, but has been settled as to all claimants except defendant Hart, and the owner asserts that Hart's claim has also been fully satisfied and discharged. The court found a balance of $100 due Hart and rendered judgment for that amount with interest and costs. The owner appealed.

We find it necessary to consider only one question. The National Contracting Company had the contract to remodel and rebuild a hotel at Alexandria, and sublet to Hart the painting covered by its contract for the sum of $1,100. The owner also employed Hart to do extra work in the old part of the building, for which the owner was to pay, but the account for which was to be kept by the contractor as a part of its account with Hart. Hart received the full $1,100 from the contractor for work under the original contract and something over $500 on account of the extra work. He claimed something like $800 still due for the extra work. The owner claimed that the charges for the extra work were exorbitant and refused to pay them. He also made a claim against the contractor for the expense of reperforming certain defective work done by Hart under his original contract. The contractor seems to have conceded that this was a valid claim, at least to the extent of $100, and insisted that Hart should make good his default. The owner, the contractor and Hart met for the purpose of settling Hart's claim for the unpaid balance for the extra work. Hart reduced this claim to the sum of $700. The owner insisted that the balance due did not exceed $500, but offered to compromise at $600. The item for defective work seems not to have been considered at this meeting, as the owner asserted his claim for this against the contractor and not against Hart. The

parties separated without effecting a settlement, and the owner seems to have authorized the contractor to act for him thereafter. Some correspondence took place between the contractor and Hart, in which Hart offered to split the difference between the amount claimed by him and the amount offered by the owner, but refused to concede anything more. Thereafter the contractor sent Hart a check, stating in the accompanying letter that he had been given credit for $650 on account of the extra work; that $100 had been deducted for the defective work; that several other items (not in dispute) had also been deducted, and that the check balanced his account in full according to the books. This check reads:

"Pay to William Hart, or order, in payment of contract in full for painting Alexandria hotel $484.37 four hundred eighty four dollars thirty seven cents. If not correct, return, without alteration, stating differences."

Hart received this check, drew a pen line through the words, "in full," and indorsed it and cashed it. The first information that he gave to either the owner or the contractor that he made any further claim was when he interposed his answer in this action.

"When a check is sent upon the condition that it be accepted in full payment of a disputed claim, there is, as a general rule, but one of two courses open to the creditor, either to decline the offer and return the check or to accept it with the condition attached. The moment the creditor endorses and collects the check, knowing it was offered only upon condition, he thereby agrees to the condition and is estopped from denying such agreement. It is then that the minds of the parties meet and the contract of accord and satisfaction becomes complete." 1 Ruling Case Law, 196, § 32.

The statement in the text is amply supported by the authorities cited and also by the authorities cited in 1 Corpus Juris, 558, 562. In the present case there was a bona fide dispute as to the amount due. The check showed on its face that it was to be accepted as full payment of the claim or be returned. When Hart collected it, it operated as an accord and satisfaction, and his claim was extinguished. Erasing the words, "in full," without the knowledge or consent of the other party, did not change the effect of the instrument. He was required to ac-

cept it as tendered or reject it. By cashing it he accepted it as tendered, and the accord and satisfaction was complete. 1 C. J. 564.

Judgment reversed.