## FIRST STATE BANK OF GOWEN v. MILLER.

No. 13095—Opinion Filed May 26, 1925.

Rehearing Denied May 18, 1926.

### 1. Bills and Notes—Lack of Consideration as Defense Between Parties.

As between the original parties to a note, in the absence of estoppel, the consideration for the note may always be inquired into; and an entire lack of consideration constitutes a good defense. Oilton State Bank v. Ross et al., 108 Okla. 24, 234 Pac. 567.

### 2. Same—Consistency of Defense by Maker.

Where the payee named in a promissory note brings action against the maker, upon the note, and the maker asserts lack of consideration, or worthlessness of the consideration for which the note was given, for the purpose of avoiding payment, he cannot be permitted, at the same time, to assert value, worth, and validity of such consideration for the purpose of sustaining a recovery in his favor against the payee named in the note.

### 3. Same—Judgment Denying Recovery Sustained.

Record examined, and held, to support the judgment in the defendant's favor denying plaintiff's right to recovery against him; and that the judgment, to that extent, should be affirmed.

(Syllabus by Shackelford, C).

Commissioners' Opinion, Division No. 4.

Error from District Court, Latimer County; A. C. Brewster, Judge.

Action by the First State Bank of Gowen, Okla., against F. A. Miller. From the judgment, plaintiff appeals. Modified and affirmed.

Philas S. Jones, for plaintiff in error.

Guy L. Andrews, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the plaintiff below, and the defendant in error was the defendant. The parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court.

The cause was tried upon the plaintiff's amended petition. The plaintiff, by its amended petition, seeks to recover from the defendant the sum of $600 and accrued and accruing interest, upon a promissory note made by defendant, payable to plaintiff, and for a reasonable attorney fee in the sum of $100, as provided in the note. It is alleged further, that as collateral security for the payment of said note, a certain stock certificate issued by the Ghent Motor Company, for 1,000 shares of $1 par value each, was attached to the note. The prayer of the amended petition is for judgment upon the note, and for an order to sell the pledged stock and apply the proceeds upon the judgment. Copy of the note and stock certificate are attached to the amended petition.

The defendant answered by general denial except as to matters admitted. The execution of the note is admitted, and it is alleged that the consideration for the note was the 1,000 share stock certificate of the Ghent Motor Company, which, as alleged in the amended petition, was attached to the note as collateral security for the payment thereof; and that the stock certificate is worthless and was of no value whatever

when issued. That the note was given for purchase of said certificate of stock because of the false and fraudulent representations of an officer of the plaintiff bank that the Ghent Motor Company was a going concern and the stock valuable. The representations are set out in the answer, and it is charged that they were known by the officer of the bank to be false, and were accepted as truthful by defendant, who acted upon them, himself not knowing the facts. It is further alleged in the answer that a contract was executed as a part of the transaction, and delivered by the plaintiff as part of the consideration for the note, in which Shands & Funnel agreed with defendant to sell his certificate of stock at a price to him of $700; that Shands & Funnel failed to comply with such agreement to the defendants loss in the sum of $100, which the defendant seeks to recover against the bank. A copy of the Shands & Funnell contract is attached to the answer as an exhibit. It is made to the defendant and is signed by Shands & Funnell, fiscal agents of the Ghent Motor Company.

The plaintiff moved for judgment on the pleadings, and the motion was overruled. The plaintiff also demurred to the answer on the ground that it does not state a defense to plaintiff's action. The demurrer was also overruled. The plaintiff replied to the answer by a general denial of all matters alleged in defense.

The cause was tried to a jury, resulting in a verdict for defendant; fixing the amount of his recovery against the plaintiff in the sum of $100; and upon the verdict judgment was rendered in defendant's favor and against the plaintiff, for the sum of $100. The plaintiff appeals, and presents many assignments of error.

The finding of the jury, as expressed in the verdict returned, had the effect (1) of denying the plaintiff's right to recover upon the note; and (2) that plaintiff was liable to defendant in the sum of $100 because Shands & Funnell had failed to make good upon their agreement to find a buyer for the stock certificate issued to the defendant, at a price to him of $700, or $100 above the amount which he agreed to pay for the stock certificate. The verdict of the jury was, in effect, a finding that the consideration for which the note was given had wholly failed. It seems, therefore, that two questions demand consideration here, for a proper disposition of this appeal: First, is the conclusion of the jury that the consideration for which the note was given had wholly failed, reasonably supported by competent

evidence? Second, is the conclusion of the jury that the plaintiff is liable to defendant in the sum of $100, reasonably supported by competent evidence?

The note sued upon was executed to the plaintiff bank. It is plain that while the note recites "Six hundred dollars, for value received," the real and actual consideration was not money, but was the stock certificate issued to the defendant. There is no question of innocent purchaser of the note involved in this case. As we understand the record and the briefs, it is conceded that no such question exists; but whether this be conceded or not, it seems that it is not an open question. This matter is well settled by the following cases: First Nat. Bank of Maud v. McKown et ux., 73 Okla. 310, 176 Pac. 245; First Nat. Bank of Poteau v. Allen et al., 88 Okla. 162, 212 Pac. 597; Oilton State Bank v. Ross et al., 108 Okla. 24, 234 Pac. 567. In the last case cited the court said:

"As between the original parties to a note, or between the payer and any person not a holder in due course, the consideration for the note may always, in the absence of an estoppel, be inquired into, and a want or failure of consideration constitutes a good defense."

The evidence offered by the defendant as to the worthlessness of the stock certificate issued to defendant is voluminous. It will be sufficient to say that we have examined the record, and find the proof overwhelming that the stock certificate, at the time of making the note and the issuance of the certificate, was of no value whatever. Therefore, the conclusion of the jury that the consideration for which the note was given had failed, or, stating it another way, their conclusion that there was no consideration for the note, is amply justified by the record; and the first question propounded must be answered in the affirmative.

Upon the second question above propounded, we have this to say: It seems from this record that the Shands & Funnell contract was a sort of subsidiary agreement, designated "special underwriter agreement," between Shands & Funnell on the one part, who represented themselves to be fiscal agents of the Ghent Motor Company, and the defendant upon the other, in which it was agreed that Shands & Funnell should sell the 1,000 share certificate issued to defendant so as to net the defendant $100. The plaintiff bank did not sign it, and there is no evidence supporting the conclusion that the officers of the plaintiff bank guaranteed the performance of it, orally or otherwise.

It is plain that the contract was worthless from its inception. It is easy to conclude that Shands & Funnell never, at any time, intended to perform the conditions of the contract. But the record does not support the conclusion that the plaintiff bank ever agreed to carry out this "special underwriter agreement," by agreeing to perform the contract if Shands & Funnell fai'ed. The judgment against the plaintiff for $100 is in the nature of a judgment for damages because of the failure of Shands & Funnell to perform their contract, and the judgment is against a party who never signed the contract, and who never agreed to perform it, so far as anything in the record discloses. To uphold the judgment for $100 against the plaintiff bank would have the effect of making the bank liable for the default of another, without a promise in writing to do so, or without any promise of any kind to make good upon such contract. We think the verdict in favor of the defendant against the plaintiff bank, for the sum of $100, is not supported by the record; and we are unable to see any theory upon which such verdict can be upheld either from the standpoint of p'eading or evidence.

We think, in so far as the verdict and judgment releases the defendant from payment of his note, both verdict and judgment are entirely justified by the record. But to require the bank to pay the defendant $100 because Shands & Funnell failed to perform their contract, is not supported by the record, and is not authorized by law. To permit the defendant to assert the worthlessness of the consideration for which the note was given, for the purpose of relieving him from his obligation to pay; and then permit him to assert validity and value in such consideration for the purpose of upholding a judgment in his favor, would be going too far. A proper administration of the law should reach no such results.

We have examined all the assignments of error, and have concluded that there is no error which requires that the judgment be reversed for a new trial. We think the judgment in defendant's favor, in effect denying plaintiff's right to recover upon the note, should stand.

We recommend that the judgment be modified to the extent of denying the defendant's right to recover the $100 and interest, against the plaintiff; and that the judgment, as so modified, be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 744. (2) 8 C. J. p. 744. (3) 8 C. J. p. 1048.