### 16320. SPELLS *v.* SWIFT & COMPANY.

Where a promissory note recited that its consideration was twenty sacks of fertilizer sold by the payee to the maker of the note and accepted and received with the understanding that there was no warranty, and an action thereon was brought by the payee against the maker, a substantial defense was set out by a plea which admitted a prima facie case but denied indebtedness in the sum alleged, for the reason that the defendant did not get ten of the sacks of fertilizer, of a stated value, and which alleged that she did not know but that her husband had gotten them, that she did not know what he had gotten from the plaintiff, that he was absent when the note was signed and she did not know the truth of the transaction until he returned, that had she known it she would not have signed the note, that she relied upon the statements of the plaintiff's agent, and that after learning of the mistake she did what she could to have the error corrected. Particulars in which the plea may have been lacking were matter for special demurrer, and the court erred in striking it on oral motion made at the trial term.

DECIDED NOVEMBER 16, 1925.

Complaint; from city court of Nashville—Judge W. R. Smith. February 19, 1925.

*William Story,* for plaintiff in error.

*R. A. Hendricks,* contra.

JENKINS, P. J. Defendant in error filed suit against the plaintiff in error on a promissory note for $171.45 principal, the purchase-price of ten sacks of 9-2-2 and ten sacks of 8-2-2 guano, in which note it is recited that "The consideration of this note is the above mentioned commercial fertilizer sold to me by Swift & Company, which I hereby acknowledge have been accepted and received with the express understanding that there is no warranty whatsoever." At the appearance term of the suit the defendant appeared and by her plea admitted a prima facie case, but denied that she was indebted to the plaintiff in the sum alleged, for the reason that she did not get ten sacks of the guano, of the value of $33.75. She further alleged that the reason she signed the note, "which contained one ton too much," was that she did not know but that her husband had gotten the said ton, that she did not know how much fertilizer he had gotten from the plaintiff, that he was absent when the note was signed and she did not know the truth of the transaction until he returned, and had she known it, she would not have signed the note; that she relied upon the statements of the agent of the plaintiff, and that after learning of the mistake she did what she could to get the error corrected. No demurrer to the plea was filed, but upon the trial of the case the plaintiff made an oral motion to strike the defense, for the reason that it set forth no ground of defense. The court struck the defense and allowed the plaintiff to submit to the jury the note sued upon, and proof of the giving of notice as to attorney's fees, whereupon the court directed a verdict for the plaintiff in the amount sued for. The defendant sued out a direct bill of exceptions complaining of the action of the court in striking her plea and directing a verdict against her.

1. "While a plea or answer which sets up no legal or equitable defense, being bad in substance, may be stricken on motion at the trial term, yet such a motion is not available where the plea states a substantial defense, but is merely deficient in certainty or particularity." *Bailey & Carney Buggy Co.* v. *Guthrie,* 1 *Ga. App.* 350 (3) (58 S. E. 103). Accordingly, the contentions of defendant

in error that the plea was properly dismissed because it failed to state the officer or agent of the plaintiff corporation who made the statements upon which defendant relied at the time she signed the note sued on, and because it failed to set forth specifically what she had done to have the error corrected after its ascertainment, were without merit. If the plea set forth a valid defense, these omissions were matters for special demurrer.

2. It is a well-settled rule that "It is no defense to an action on a promissory note, that the maker relied on certain representations made by an agent of the payee at the time of its execution, and that it did not contain the contract as actually made; the note not having been signed under any emergency, and there being nothing to prevent the maker from reading it, and it not being shown that the failure to read it was brought about by an actual fraud perpetrated by the agent of the payee at the time of its execution." *Walton Guano Co.* v. *Copelan,* 112 *Ga.* 319 (1) (37 S. E. 411, 52 L. R. A. 268). See *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (94 S. E. 892) ; *Twyman* v. *Avera Loan &c. Co.,* 23 *Ga. App.* 136 (98 S. E. 239). Accordingly, the defendant would not be permitted to dispute or deny that she had knowingly signed the note, promising to pay the amount specified, representing the purchase-price of twenty sacks of fertilizer, and acknowledging the delivery and acceptance of the goods. See *Stewart* v. *Hardin,* 24 *Ga. App.* 611 (1) (96 S. E. 217). This, however, she does not undertake to do. She does not attack the expressed terms or contents of the instrument at all; nor does she contend that any term of the intended agreement was omitted. What she in fact pleads is, that, while she admits the written promise to pay embodying a receipt for the goods constituting the consideration of the admitted promise, the consideration of her agreement has partially failed, for the reason that the receipt does not speak the truth, and that such mistaken admission on her part should not bind her, for the reason that she made such admission and promise upon the faith of the representation of the defendant that the amount of fertilizer receipted for had been actually delivered to her then-absent agent, and that upon discovery of the facts she repudiated the admission set forth by the written receipt. She is not seeking to set up a different consideration from that which is expressed in the instrument. This she could not do, since the consideration is set forth

as constituting a part of the agreement itself. *Rheney* v. *Anderson, 22 Ga. App.* 417, 418, 419 (96 S. E. 217). The question is not whether she can change the terms of the obligation signed, but whether, under the pleaded facts, the admission and promise must be held to conclusively bind her. The consideration of a note can always be inquired into. Civil Code (1910), § 4250. But if the consideration be embraced in the terms of the notes so as to constitute a part of the agreement, knowingly entered upon, it can not be disputed or denied that the promise made was based upon the consideration thus expressed. If at the time she signed the instrument she had known, or if under the pleaded facts and circumstances, by the exercise of ordinary care she ought to have known, that the admission as to delivery did not state the true facts, she would be bound by her acknowledgment and promise based thereon. *Bonds* v. *Bonds,* 102 *Ga.* 163 (29 S. E. 218). But if the admission and promise resulted from the mutual mistake of the contracting parties, or if it was brought about by the mistake of one party induced or knowingly taken advantage of by the fraud of the other party, then and in either of such events the presumption in favor of the liability imposed by the contract can be rebutted. *Shelton* v. *Ellis,* 70 *Ga.* 297, 301. In the instant case, the plea not having been specially demurred to, the court erred in striking it on motion, it being for the jury to say, under the evidence submitted, whether the facts set forth by the plea were true, and if so, whether, under the proof submitted, the defendant was, as she claimed to be, free from such negligence as would estop her from obtaining the relief sought.

*Judgment reversed. Stephens and Bell, JJ., concur.*