HAASE, Appellant, v. RAMSAY, Respondent.

*March 11—April 5, 1960.*

For the appellant there was a brief by *O'Leary & Joyce,* attorneys, and *Daniel R. Goggin* of counsel, all of Neenah, and oral argument by *Mr. Goggin.*

For the respondent there was a brief and oral argument by *David B. Bliss* of Appleton.

DIETERICH, J.   The issue in this case is whether the appellant real-estate broker furnished a consideration for the promissory note sued upon.

Sec. 116.33, Stats., provides:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course; . . ."

The want or failure of consideration as between the original parties to a promissory note is always open to investigation. *Garlie v. Rowe* (1928), 197 Wis. 257, 221 N. W. 749, 223 N. W. 93, and *Schwenker v. Johnson* (1929), 198 Wis. 300, 224 N. W. 117.

The testimony discloses that the plaintiff, Louis H. Haase, is a licensed real-estate broker who maintains an office in Neenah, Wisconsin. The defendant, J. S. Ramsay, is a resident of Appleton and is employed by the Soo Line Railroad Company working as a chief clerk in one of the railroad yard line offices. In addition to Ramsay's employment with the Soo Line, he is engaged in purchasing lots and building residential homes thereon.

In the spring of 1957, he constructed a home upon a lot he owned in the town of Menasha. The construction of the house had been financed by the First National Bank of Appleton in the form of a construction loan secured by a mortgage on the property. During the construction of the house, Eugene Darkow, an employee of the same railroad for a period of some ten years, and whom Ramsay knew, became interested in the house and desired to purchase it. Ramsay contacted Louis Haase, the real-estate broker, and arranged to have him meet with Darkow for the purpose of

completing the purchase of the real estate or the lot and house, by arranging the necessary financing of the deal. There is no dispute that the sale price of the house and lot was to be $24,500.

There was no written listing agreement between the broker Haase and Ramsay. The testimony further discloses that Haase assured Ramsay that he would procure the necessary financing to complete the sale.

The Amortized Mortgage Association furnished part of the purchase price and further financing arrangements were to be completed by Haase. At the time the financing arrangements were made with Amortized Mortgage Association, Haase had Ramsay sign the following promissory note:

"Neenah, Wis., August 8, 1957, $1000.
"One year after date, for value received I promise to pay to the order of Louis H. Haase at the First National Bank of Neenah, Wis., One Thousand Dollars in lawful money, with interest at the rate of 5½ per cent per annum until paid, and with cost of collection including reasonable attorney fees in case payment shall not be made at maturity. *Minimum service charge 50¢.* Interest to be computed 8th day of February & 8th day of August, 1958.

"J. S. Ramsay."

Ramsay also on the same day delivered the deed conveying the property to Darkow.

The testimony further discloses that Haase never completed the financing and Ramsay failed to receive the balance of the purchase price. Darkow had no money and was unable to procure further financing. The testimony in fact reveals that Darkow was hopelessly in debt. Ramsay was required to commence an action against Darkow to regain the title to his property and did regain the title.

The trial court found that the note herein sued upon was executed by the defendant to the plaintiff some two months after the transfer of title to provide the plaintiff with security

for his services when they were completed; the delivery of this note was conditioned upon the fact that the plaintiff was to aid the purchaser obtain financing for the purchase and to see that the defendant was paid the purchase price. The court further found that the plaintiff did nothing to locate the purchaser or any other purchaser except to accommodate the purchaser that the defendant sent to the plaintiff; the plaintiff incurred no expenses of advertising, took no positive action toward obtaining financing other than to accompany the purchaser to a lending institution, and make a phone call. The plaintiff did not carry out his obligations under the terms of the oral contract in that while the plaintiff promised to obtain financing for the prospective purchaser, he did not obtain such financing and, further, did nothing to effect the sale of the property to the purchaser.

The trial court's findings being supported by credible evidence, the judgment is affirmed. *Swazee v. Lee* (1951), 259 Wis. 136, 47 N. W. (2d) 733; *Estate of Eannelli* (1955), 269 Wis. 192, 68 N. W. (2d) 791; and *Estate of Hill* (1956), 272 Wis. 197, 75 N. W. (2d) 582.

*By the Court.*—Judgment affirmed.