CHARLESTON HILL NATIONAL MINES, INC., APPELLANT, v. MARY L. CLOUGH, RESPONDENT.

No. 4548

April 10, 1963                    380 P.2d 458

*Brian L. Hall,* of Reno, for Appellant.

*Vargas, Dillon & Bartlett,* and *Alex. A. Garroway,* of Reno, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

Respondent sued appellant in the court below on two promissory notes executed to her as payee, one dated September 23, 1957, in the sum of $43,548.36, and the other dated May 22, 1958, in the sum of $2,750.

Each note was signed:

   "CHARLESTON HILL NATIONAL MINES, INC.

   "By: Mary L. Clough, President

   "By: Leon R. Grantz, Vice President

"Attest: John F. Link, Secretary."

184

In its amended answer, Charleston Hill sets up as an affirmative defense that there was no consideration therefor and that the notes "were not to the best interests of the defendant corporation and are therefore void." As a separate defense, Charleston Hill alleges that there are setoffs against Clough's claims.

The notes are identical except as to the amount, date, and recital of the actual consideration therefor, and each commences with the words "For value received."

The note of September 23, 1957, recites:

"This note is issued to the payee in consideration of amounts of money advanced and loaned to the maker by payee over a period of several years past, the receipt whereof is specifically acknowledged and the acts of the maker in borrowing and receiving said amounts is hereby specifically approved and ratified."

The note of May 22, 1958, recites:

"This note is issued to the payee in consideration of amounts of money advanced and loaned to the maker by payee since September 1, 1957, until May 22, 1958, the receipt whereof is specifically acknowledged and the acts of the maker in borrowing and receiving said amounts is hereby specifically approved and ratified."

The fact that these are not mere recitals, but are, respectively, agreements—covenants to which the maker bound itself, will be considered later.

This is an appeal from a judgment on a jury verdict in favor of respondent for the full amount of the notes.

Appellant contends that it was error for the lower court not to permit evidence concerning the consideration given for the notes. On the other hand, respondent maintains that the allowance of such proffered testimony would violate the parol evidence rule, because each note recites that it is issued to the payee in consideration of the amounts of money advanced over specified periods.

The rule that parol evidence is not admissible to contradict or vary an absolute agreement to pay money on the face of a note does not exclude evidence as between

the original parties showing a total or partial failure of consideration was recognized in Dixon v. Miller, 43 Nev. 280, 285, 184 P. 926, 927. "The reason is obvious. The real consideration for a promissory note is never apparent from its face. No conclusive presumption arises from the words 'for value received,' and when a note is challenged for want or failure of consideration the fact must be learned from extrinsic evidence which relates to the point of time when the note was executed and discloses the dealings between the parties."

The court in that case was considering a note in which the real consideration did not appear on its face. Such is not the situation in the present case. Although the notes contain the words, "for value received," the later recitals in both notes specify the actual considerations for their execution, to wit, money advanced by the payee to the maker. The notes were given to satisfy the indebtedness resulting from such advances. The present situation is more analagous to that in the case of Sims v. Grubb, 75 Nev. 173, 176, 336 P.2d 759, 760, where this court in limiting the rule enunciated in Dixon v. Miller, supra, said:

"The situation here is entirely different. In this case there was more than a mere note executed by the respondent. There was also a written agreement (escrow instructions) where the nature of the consideration for the note was expressly set forth. It is not contended that there was any failure of consideration so expressed, the respondent receiving not only the deed and bill of sale but also possession of the property for approximately ten months. She can no more contradict or vary the terms of that written agreement by oral testimony of other and additional consideration promised for the note than could the appellant have shown by parol evidence that respondent had agreed to pay him a greater sum for the property than that expressed in the written agreement.

"The court erred in admitting such evidence of an oral agreement as its sole purpose was to vary the terms of the written contract of the parties."

The fact that the agreed consideration for the note is set out in the note itself in the present case, rather than in a separate contemporaneous written instrument as in Sims v. Grubb, does not change the situation. Spells v. Swift & Co., 34 Ga.App. 620, 130 S.E. 593.

Here, as stated above, the appellant did plead as a defense that the notes were given without consideration, and although it is impossible to tell what the proffered testimony relating thereto would have been in the absence of an offer of proof[1] we are of the opinion that where the true consideration is stated in the note, such evidence would be inadmissible. We are not here dealing with the situation which was present in Dixon v. Miller, supra, where the consideration was expressed merely by the words "for value received." There is nothing in the Negotiable Instruments Act or in the parol evidence rule which as between the parties precludes proof of no consideration or failure of consideration in suits upon notes which contain the bare recital of consideration in the words "for value received." The rule is otherwise where the true or actual consideration is set forth in the note, constituting provisions of a contractual nature.

In Gunter v. Hindman, 175 S.C. 436, 179 S.E. 494, 501, this distinction was pointed out as follows: "* * * it has always been recognized as a part of the fundamental law on this subject that parol testimony may be admitted to show a different consideration from that expressed in a written instrument, when the statement of the consideration is intended as a mere recital, such as 'one dollar and other valuable considerations,' or such as the term 'value received,' or any other words indicating a mere recital as to the consideration in a written instrument such as a deed or mortgage or note or other

---

[1] In his examination of John F. Link counsel for appellant asked: "Mr. Link, at this get together or gathering on September 23rd, did Mrs. Clough show the other members of the board of directors any evidence of these advances or loans?" Objection to this question was sustained. No offer of proof was at any time made.

paper; but parol testimony cannot be admitted to contradict the language of the written instrument in reference to the consideration, when it is contractual in its nature."

3 Corbin, Contracts § 587, at 510, notes the distinction as follows:

"Promissory notes and bills of exchange are seldom intended by the parties to be complete integrations of the agreement in pursuance of which they are given. In order that they may be negotiable, the face of the note must contain an unconditional promise to pay a sum of money. As against a holder in due course, proof of extrinsic provisions and conditions does not establish a good defense. This has nothing to do with the 'parol evidence rule.' But as against any one not a holder in due course, proof of such extrinsic provisions and conditions should nearly always be permitted, as is in fact done in numberless cases. At other times, however, it has been held that offered evidence was inconsistent with the face of the note and inadmissible. No attempt will be made here to reconcile or to distinguish these decisions. Of course, it is possible for the parties to integrate their entire contract on the face of a promissory note, however seldom they do so in fact."

Collins v. Shaffer, 66 Colo. 84, 179 P. 152, 153, was an action on a note by the payee against the maker where a written agreement was executed contemporaneously with the note and which stated that the note was in payment in full for a one-fourth interest in a certain patent. The court considered the two instruments as forming one contract. The defense of total failure of consideration was pleaded in the answer to the complaint and the maker attempted to prove this defense by parol evidence. The court there said: "The consideration sought to be proved by the defendant by his parol evidence was wholly different from that described in Exhibit C [the contemporaneous agreement]. Such evidence does not come within any of the exceptions to the rule that parol evidence is inadmissible to vary the terms of a written instrument, and the court committed no error in disregarding the same."

The case of Spells v. Swift & Co., supra, was an action upon a note which contained the following recital: "The consideration of this note is the above-mentioned commercial fertilizer sold to me by Swift & Co., which I hereby acknowledge have been accepted, and received with the express understanding that there is no warranty whatsoever." In holding that it was error to allow the defendant to impeach such recital, the opinion states: "The consideration of a note can always be inquired into. Civil Code 1910, § 4250. But if the consideration be embraced in the terms of the notes, so as to constitute a part of the agreement knowingly entered upon, it cannot be disputed or denied that the promise as made was based upon the consideration thus expressed."

A similar rule applies to written instruments other than promissory notes. In Burk v. Walton, 337 Mo. 781, 789, 86 S.W.2d 92, 96, the court said: "While recitals in a written instrument as to the consideration therefor amounting to statements of fact, and not rising to the status of being contractual in their nature, are subject to contradiction [citations], extrinsic evidence, in the absence of fraud, accident, or mistake, is not competent to vary or contradict provisions of a contractual nature set forth therein where the parties to the document, or their privies, are the contesting litigants."

To the same effect the court in Clarke v. Clarke, 194 Okl. 455, 152 P.2d 908, 910, stated: "And where, in a note or other written contract, the statement of the consideration is a mere recital amounting to a receipt and is not contractual in form (McNinch v. Northwest Thresher Co., 23 Okl. 386, 100 P. 524, 138 Am.St.Rep. 803; 20 Am.Jur. 975; 10 R.C.L. 1044; 22 C.J. 1171; 32 C.J.S., Evidence, §1569, p. 889), parol evidence is admissible to prove the true consideration."

The subject of "contractual" consideration as regards the parol evidence rule is discussed in 20 Am.Jur., Evidence § 1112, and in Annot., 100 A.L.R. 17.

The answer to the contention that the notes here are signed by only one party thereto and do not constitute a contract within the contemplation of the parol evidence rule is found in the case of Gladden v. Keistler,

141 S.C. 524, 140 S.E. 161, 164: "It is suggested that the written instrument involved is signed by only one party, and is not a contract within the contemplation of the parol evidence rule.

"It is not always necessary, in order to give validity to a contract, that it should be signed by both parties; it may be sufficient if it be signed by one party and accepted, held, and acted upon by the other."

In the present case the contracts between the corporation and respondent represented by the two promissory notes became complete upon her acceptance of the notes which is evidenced by the fact of her action herein to enforce the payment thereof. The respondent, after accepting the notes, could not, in an action by her for advances made by her prior to such acceptance, introduce parol evidence tending to show that the advances were in excess of the amounts stated in the notes. The notes would be a complete defense to any excess. The contract between her and the corporation in arriving at the amount due her becomes complete upon her acceptance of each note. For the same reason the corporation cannot, in her suit on the notes, claim a lesser amount or no amount was due her, in the absence of fraud or mistake, or proof of discharge or partial discharge of the notes.

Under the circumstances of this case and the authorities cited, where neither fraud nor mistake was asserted as a defense to the notes, to have received in evidence oral testimony for the purpose of attacking the consideration as stated would have constituted an alteration of the terms of a written instrument in violation of the parol evidence rule.

Because of the views heretofore expressed, it is unnecessary to consider whether the execution of the notes constituted an accord and satisfaction, whether respondent by its action is estopped from denying liability, or whether the execution of the second note eight months after the first would amount to an affirmance of the first note.

Affirmed.

BADT, C. J., concurs.

THOMPSON, J., concurring in result:

I agree only with the result. The defendant (appellant here) failed to make an adequate record to permit appellate review of the assigned error. The record shows that the defense asked a witness the following preliminary question: "Q.   Mr. Link, at this get together or gathering on September 23rd, did Mrs. Clough show the other members of the board of directors any evidence of these advances or loans?" Counsel for plaintiff interposed an objection based upon the applicability of the parol evidence rule. The court sustained the objection. Clearly, the question was preliminary. A "yes" or "no" would answer it. The objection should not have been sustained at that time. Perhaps the defense should have pursued the subject further. It did not. In any event, if the defendant wished to make a record for later appellate review, an offer of proof was required. The record would then disclose what testimony would have been given had the court permitted further questioning. Such an offer of proof was not made. Accordingly, I do not believe that we are at liberty to guess what the evidence might have been and rule on the admissibility of such supposed evidence. Alamo Airways, Inc. v. Benum, 78 Nev. 384, 374 P.2d 684; NRCP 43(c). Thus, I would affirm the judgment below because the record does not contain the information necessary for us to rule upon the assigned error.

However, were I to *assume* that the witness, if permitted to testify, would show an absence of consideration for the notes, I would consider such evidence admissible and not touched by the parol evidence rule. In this regard my view is directly contrary to the majority opinion.

The promissory notes here involved are negotiable instruments. All requisites are present. NRS 92.008. Accordingly, they are deemed to have been issued for a valuable consideration. NRS 92.031.[1] The Negotiable

---

[1] In the ordinary contract the party seeking to recover must prove consideration for the promise he is seeking to enforce, while in the case of a negotiable instrument consideration is presumed. Thus, the absence of consideration is a matter of defense. NRS 92.035. In other words, one seeking to recover on a negotiable instrument

Instruments Law recognizes that the defense of absence of consideration is available to defeat the claim of anyone who is not a holder in due course. NRS 92.035. In the nature of things this defense, and others which are available to defeat an action on the note by the payee, must rest in parol. Dixon v. Miller, 43 Nev. 280, 184 P. 926; Britton, Bills and Notes, p. 202. This truism is recognized by NRS 52.060(2) dealing with conclusive presumptions. It provides that the "truth of the fact recited, from a recital in a written instrument between the parties thereto" is conclusive, except that "this rule does not apply to a recital of consideration." Thus a recital of consideration may be impeached by parol. The parol evidence rule is not involved where the maker seeks to show that the paper record which, on the surface, looks like a promissory note, is not such in law or fact because an indispensable element, consideration, is absent. Mills v. Bonin, 239 N.C. 498, 80 S.E.2d 365; First State Bank v. Miller, 118 Okl. 49, 246 P. 591; Herrman v. Combs, 119 Md. 41, 85 A. 1044; Haase v. Ramsay, 10 Wis.2d 220, 102 N.W.2d 226.

Professor Corbin, in commenting upon the parol evidence rule as it applies to contracts, makes this pointed statement: "The first issue to be determined is, has a contract been made? One party asserts a contract and asks its enforcement; the other denies the contract asserted by the first, and may also deny that any contract whatever has been made. If the court is convinced that no contract has been made, it will not be necessary to determine the later issue of complete integration in writing. These two issues may sometimes be so interrelated that it is easier to deal with them jointly; but, whether they are or not, *it is certain that we need not begin excluding parol evidence until we know that a contract has been made.*" 3 Corbin, Contracts § 577, at 385. (Emphasis added.)

It is equally certain that parol evidence should not be

---

need not show that he gave consideration. The other party must bear the burden of showing the absence of consideration (if such is his defense). If he does so, the defense will prevail against anyone not a holder in due course. NRS 92.035; Dixon v. Miller, supra.

excluded to show that the promissory notes are legally nonexistent because of the lack of consideration. Absent consideration, enforcible promissory notes (in the hands of anyone not a holder in due course) do not exist as a matter of law.

Nevada has recognized that the parol evidence rule does not apply to exclude evidence which goes to the very existence of the contract and tends to show that no valid or effective contract ever existed. Child v. Miller, 74 Nev. 223, 327 P.2d 342; Western National Insurance Co. v. Trent, 69 Nev. 239, 247 P.2d 208. On the other hand, it does apply where both parties, *admitting the existence of a valid document,* seek to vary or change some of the writing by extrinsic evidence. Sims v. Grubb, 75 Nev. 173, 336 P.2d 759, is illustrative. There, in an action upon a promissory note, the court correctly excluded parol evidence when its purpose was to show a different or additional consideration than expressed in the note. The existence of a valid note was admitted, and the attempt to vary its terms was not allowed. Gunter v. Hindman, 175 S.C. 436, 179 S.E. 494; Collins v. Shaffer, 66 Colo. 84, 179 P. 152; Burke v. Walton, 337 Mo. 781, 86 S.W.2d 92, cited in the majority opinion, are also cases in which the existence of all elements essential to a valid promissory note was admitted. Consequently, parol evidence to alter or vary terms was not permitted.

I cannot accord validity to the distinction drawn in the majority opinion between a "recital of consideration" and "contractual consideration" for two reasons. In the first place, the language used is no more than "a statement of the transaction which gives rise to the instrument."[2] NRS 92.010(2). One searches in vain for words

---

[2]The relevant parts of the two notes state:

(a) "This note is issued to the payee in consideration of amounts of money advanced and loaned to the maker over a period of several years past, the receipt whereof is specifically acknowledged, and the acts of the maker in borrowing and receiving said amounts is hereby specifically approved and ratified."

(b) "This note is issued to the payee in consideration of amounts of money advanced and loaned to the payee since September 1, 1957 until May 22, 1958, the receipt whereof is specifically acknowledged, and the acts of the maker in borrowing and receiving said amounts is hereby specifically approved and ratified."

of promise. The words used are no more than a recital of an executed consideration. Annot., 14 A.L.R. 1126; 33 A.L.R. 1174; Beck Electric Constr. Co. v. National Contracting Co., 143 Minn. 190, 173 N.W. 413; Hubbard Bros. & Co. v. Southern Pacific Co., 5 Cir., 256 F. 761. Second, if one were to assume that some kind of an integrated contract or agreement was created by the words employed, nonetheless the parol evidence rule would not preclude evidence to show that what appears to be a contract does not, in fact or law, exist. 3 Corbin, Contracts § 577; Child v. Miller, supra; Western National Insurance Co. v. Trent, supra.

In short, the maker of a negotiable instrument is not foreclosed by the parol evidence rule from defeating the claim of the payee by showing that consideration is absent. Dixon v. Miller, 43 Nev. 280, 194 P. 926. In Reinhart v. Echave, 43 Nev. 331, 187 P. 1006, on rehearing, we recognized that a negotiable instrument, intended as a gift, is without consideration and imposes no liability upon the maker to the payee. See also, Evans v. Cook, 11 Nev. 69, where it was recognized that, in an action upon a promissory note, it is a good defense to show that the consideration for which the note was given was money won by gambling, i.e., an illegal consideration.

If the defenses granted the maker of a negotiable instrument by NRS 92.035 of the Negotiable Instruments Law cannot be established by parol evidence, the statute becomes meaningless. For the reasons given, I express my disagreement with the majority opinion's discussion of the parol evidence rule.