HUGHIE J. SCHOFF, RECEIVER FOR CHARLESTON HILL NATIONAL MINES, INC., APPELLANT, v. MARY L. CLOUGH, RESPONDENT.

No. 4549

April 10, 1963                                    380 P.2d 464

*Brian L. Hall,* of Reno, for Appellant.

*Vargas, Dillon & Bartlett,* and *Alex. A. Garroway,* of Reno, for Respondent.

## O P I N I O N

By the Court, McNAMEE, J.:

This is an action to set aside a sale of a mining claim and to recover the purchase price paid therefor. Appellant, plaintiff below, is the receiver for Charleston Hill National Mines, Inc. In his complaint he alleges that

in 1950 respondent sold to the corporation the Black Hawk Mining Claim for $18,000 cash; that the payment of said sum "unreasonably reduced" the cash funds of the corporation; that said claim was worth little or nothing and left the corporation in bad financial straits;[1] that the action of the corporation's board of directors, one of whom was the respondent, in authorizing said purchase was not in the best interests of the corporation. Respondent in her answer denied any improper dealing with the corporation.

There was a conflict in the evidence which was resolved by the advisory verdict of the jury in favor of respondent and the acceptance thereof by the court. The trial court made formal findings that the mining claim was worth at least $18,000 at the time of the sale, and that respondent did not act unfairly or dishonestly with the corporation in the transaction. The court concluded that, because of uncontradicted evidence that the mining claim had a value of at least $18,000 on September 6, 1950, there was no fraud or intentional wrongdoing on the part of respondent. Appeal is from the judgment based on these findings and conclusion.

At the trial respondent was asked by appellant's attorney:

"Mrs. Clough, at the time you and the other members of the Board of Directors met in September of 1950, and voted to accept this claim from you and pay you $18,000, was a full disclosure made at that time relative to the amount of profit you would make on the sale?"

An objection was made to this question on the ground that it was irrelevant and immaterial. The objection was sustained, the court stating: "As the court views it, whether she made a profit or didn't make a profit is absolutely immaterial as to the value of the claim when it was sold in 1950."

---

[1]It was stipulated between the parties at the oral argument that although a receiver is in charge of the affairs of Charleston Hill National Mines, Inc., "there are absolutely no debts of the corporation except the debt to Mrs. Clough" (which is the subject of the action in Case No. 4548, 79 Nev. 182, 380 P.2d 458, decided this day).

Appellant assigns as error this action of the court in sustaining the objection. His entire argument is based on the premise that under NRS 78.140 (1) (c), unless the transaction between the corporation and respondent, a director thereof, was "fair" it would be void or voidable.

A contract between a corporation and an officer thereof is not void or voidable except for unfairness or fraud. Hough v. Reserve Gold Mining Co., 55 Nev. 375, 35 P.2d 742.

It was conceded by appellant at the trial that he was not charging respondent with fraud.

There was no evidence before the trial court to show in any way that the transaction was unfair to the corporation. Respondent had purchased the mining claim in 1943. It was not shown that at the time of her purchase she had any thought of selling it thereafter to the corporation or that the corporation was in any way interested in the property. In her acquisition of the claim she was not acting for the corporation, nor under a duty so to do; she acted as an individual unrelated in any way to the corporation. Indeed, the record does not show that she was either a director or officer of the corporation when she purchased the mining claim. Seven years later she and the corporation determined that it would be beneficial to the corporation if it acquired the claim, and the price of $18,000 was determined by both parties to be fair and reasonable. Under these circumstances where the seller is both legal and equitable owner of the property, the fact that she might make a profit on the sale is wholly immaterial, as it would have been if she had acquired the claim by gift or inheritance. The only matter left for consideration is whether the price was fair. The findings of the court supported by uncontradicted testimony that the claim had a value of at least $18,000 at the time of the sale determines that question.

"If a director or other officer purchases property, being at the time under no duty to purchase for the corporation, he may afterwards sell it to the corporation, if it is represented by other officers, without disclosing what he paid for it, and, if there is no fraud, he will not be compelled to account for the profit he may make in the transaction." 3 Fletcher, Cyclopedia Corporations § 885, at 284 (perm. ed.).

We conclude that the action of the trial court in sustaining the objection was proper.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.