8126

AMERICAN FERTILIZER CO. v. SIMS.

1. CONTRACTS—WRITINGS.—Parol evidence that a written contract for the payment of money was made to be paid in professional services varies the terms of the contract.

2. A MOTION TO RECOMMIT A CASE AND PERMIT AN ANSWER AMENDED may come *too late* to appeal to the Judge's discretion.

Before WATTS, J., Spartanburg, July, 1911. Affirmed.

Action by American Fertilizer Company against E. L. Sims and C. P. Sims. Defendants appeal.

*Messrs. Sanders & DePass,* for appellants.

*Messrs. Bomar & Osborne,* contra.

March 11, 1912. The opinion of the Court was delivered by

Mr. Justice Fraser. This is a suit on a note which included a lien on a crop for fertilizers signed by the appellants. The note was executed to one H. T. Butler for two hundred and twenty-five dollars, on the 17th March, 1898. The suit was commenced in 1901. The plaintiff alleged: That at the time said lien note was given by the defendants, the said H. T. Butler was the agent of plaintiff, and when said note was given it was and has ever since been the property of plaintiff, which is now the legal owner and holder thereof and that no part thereof has been paid.

The defendants admitted the purchase of the fertilizers and the execution of the note, but allege that they bought from Butler and had paid the note to him by professional services of the defendant, C. P. Sims, or the law firm of which he was a member; that the defendant, Mrs. E. L. Sims, had purchased the interest of Mr. Thomason, the law partner of Mr. C. P. Sims, without notice of any claim of the plaintiff. That Mr. Butler had recognized the defendant's rights and had delivered to the defendants a written order to the clerk of the court to mark satisfaction on the record and within the scope of a general denial, denied the plaintiff's ownership of the note.

There were two orders of reference to successive masters. The first order was to report on all the issues. The second was simply to take and report the testimony. The second master, Mr. G. T. Lanham, reported on all issues in his report, dated 16th March, 1911. The appellants complain that the reference was closed without notice and moved to reopen the reference and to be allowed to amend their answer. Judge Watts, who tried the cause, ignored

the master's findings as unauthorized, refused to recommit the case, refused the motion to amend and gave judgment for the plaintiffs for four hundred and twenty-nine 91-100 dollars. From this order the defendants appealed upon five exceptions, but have consolidated them to two. We adopt this consolidation.

I. "It was error to allow the plaintiff to introduce evidence to contradict or vary the lien note on which this suit is brought."

The question as to whether the contract can be varied by testimony or not and by what kind of testimony it can be varied (if at all) are purely academic questions in this case. The plaintiff sets up a contract of which it alleges it is the owner and offers written evidence that it is the owner. The defendant answers setting up a parol agreement that the note was to have been paid not in money, according to its terms, but by professional services. The answer says "and to pay them for their services the sum of two hundred and fifty dollars and that this purchase of fertilizers should be in part payment therefor." The proof of this was by parol evidence alone. Now exclude all evidence to vary the terms of the contract and you have a contract for the payment of money and no money paid. A judgment follows of necessity. No one will contend that an assignment may not be had, whatever may be the effect of the assignment of such a paper.

This exception is overruled.

II. That his Honor "erred in holding that the motion to recommit the case and to be allowed to amend the answer of the defendant came too late."

Appellant says: "His Honor, it will be observed, did not refuse this motion as a matter of discretion, but because, as matter of law, the motion was made too late."

It does not appear that the denial of the motion was in obedience to a misapprehended command of the law and that the finding was not in the exercise of his discretion.

A defense may "come too late" to appeal to discretion. Where the defense is purely technical (as here), it might not appeal to the discretion of a Judge to allow any time beyond that which the law allows. In this case the original answer was sworn to on 16th March, 1901. The affidavit upon which the motion was made was dated 5th July, 1911. More than ten years elapsed and we cannot say that the trial Judge did not exercise his discretion or, in the exercise of it, has abused it.

This exception is overruled.

The judgment of this Court is that the judgment appealed from is affirmed.

MR. JUSTICE WATTS *disqualified.*