## 11047

STALNAKER *ET AL.* v. TOLBERT

(114 S. E., 412)

1. BILLS AND NOTES—WHERE PLAINTIFF NOT HOLDER IN DUE COURSE, ABSENCE OR FAILURE OF CONSIDERATION HELD MATTER OF DEFENSE.— Under Negotiable Instruments Act, § 28, the absence or failure of consideration is a matter of defense against any person not a holder of a negotiable instrument in due course.

2. EVIDENCE—WHERE NO CONSIDERATION, OR ONLY FORMAL CONSIDERATION, EXPRESSED, TRUE CONSIDERATION MAY BE SHOWN EVEN THOUGH IT CONTROLS RECOVERY.—Where a note expresses no consideration, or a merely formal consideration, and the true consideration rests in an oral agreement, the proof of which would not tend to change the terms of the note, this agreement may be shown even though it controls the question of recovery on the note.

3. EVIDENCE—WHERE ONLY PART OF AGREEMENT EXPRESSED IN NOTE, PAROL EVIDENCE NOT INCONSISTENT WITH WRITTEN PORTION ADMISSIBLE.—Where no consideration or only a formal consideration is expressed· in a note, evidence as to the true consideration may be admitted to show the entire agreement of which the note is only a part on the theory that the verbal portion of the agreement does not alter the written instrument.

4. EVIDENCE—NO EFFECT GIVEN TO VERBAL PORTION OF AGREEMENT INCONSISTENT WITH WRITTEN PORTION.—In the absence of fraud, accident, or mistake, where the verbal portion of an alleged agreement is so inconsistent with the express terms of the written instrument as to render the choice of such a writing as a medium for expressing the intent of the parties practically meaningless if effect is given to the verbal portion, proof of the verbal portion is obnoxious to the parol evidence rule.

5. ACCOUNT—WHERE DEBTOR GAVE NOTE AS SECURITY FOR OPEN ACCOUNT, AFTER MATURITY CREDITOR MAY ELECT TO SUE ON EITHER NOTE OR ACCOUNT.—Where debter gave a note as security for his open account, after maturity of the note, creditor could elect to sue debtor either on the note or on the account.

6. EVIDENCE—ORAL AGREEMENT NOT TO SUE ON NOTE WITHIN INHIBITION OF PAROL EVIDENCE RULE.—An oral agreement that a note given by debtor to creditor would be used by creditor merely for the purpose of borrowing, and suit would not be brought on it, was within the inhibition of the parol evidence rule.

NOTE: The general rule that parol evidence is not admissible to vary, add to, or alter a written contract is discussed in a note in 17 L. R. A., 270.

7. BILLS AND NOTES—PRE-EXISTING DEBT HELD CONSIDERATION.—Under Negotiable Instruments Act, §§ 24, 25, where a note was given to secure a debt due on an open account, it was supported by the valuable consideration of a pre-existing debt.

Before McIVER, J., Greenwood.    October 1921.·  Affirmed.

Action by E. W. and M. D. Stalnaker, partners as Stalnaker. Bros. against T. P. Tolbert.   Judgment for plaintiffs and /defendant appeals.

*Messrs.   Tillman, Mays, & Featherstone,* for appellant, cite:  *May show failure of consideration of note:*  13 S. C., 328; 14 S. C., 469; 27 S. C., 376.   *Contemporaneous agreements:*  8 C. J., 197, 737; 73 S. E., 341; 47 N. E., 32.

*Messrs.   Grier & Park,* for respondents, cite:  *Sham and frivolous defense:*  100 S. C., 196; 32 S. C. L., 22; 13 S. C., 328; 104 S. C., 49.

November 2, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant, Tolbert, owed the plaintiffs, Stalnaker Bros., the·sum of approximately $3,500 on open account. This account being past due, on November 4, 1920, the defendant executed and delivered to the plaintiffs his promissory note for $3,000, due December 15, 1920, bearing interest after maturity at the, rate of 8 per cent. per annum, and containing a provision in the usual form for the payment of 10 per cent. attorney's fees.   In action upon the note and to recover the balance due on the open account, brought several months after the maturity of the note, defendant set up the defense of a total failure of consideration of the note, based upon the alleged breach of a contemporaneous parol agreement.

As to the nature of this verbal agreement, and as to its alleged breach, the defendant was permitted, over objection, to testify as follows:

"Mr. Stalnaker said that he could not get any money on my open account; that if I would give him a note that he would indorse the note and get money on it that would let him run his business; that the note would be carried on as security to the account. He said if I would give him a note he would indorse it. There was to be no suit about it. He said he would not sue me. If he hadn't said he would not sue me I wouldn't have given him the note. He sued me on the note though he had agreed not to do it. He was to carry my account until I got ready to sell my cotton. * * * I expected him to use the note and expected to pay interest on it."

At the close of the testimony the trial Judge, Hon. Edward McIver, granted the plaintiff's motion for the direction of a verdict for the full amount claimed to be due upon the note, basing his ruling substantially upon the ground that the foregoing testimony was inadmissible under the parol evidence rule, in that it tended merely to contradict the terms of the written instrument sued upon and not to impeach the consideration therefor. The appeal questions the correctness of that ruling.

1, 2   Absence or failure of consideration is matter of defense against any person not a holder of a negotiable instrument in due course. Section 28, Negotiable Instruments Act (28 Stat., 668). When a note expresses no consideration, or a merely formal or general consideration, as by the usual words, "value received," it is well settled:

"That if the true consideration of the note rests in an agreement, written or oral, between the parties, proof of such agreement does not necessarily tend to charge the terms of the note although by showing the true consideration upon which it was given it may control the recovery upon the

29—S. C.—121

note." *McGrath v. Barnes,* 13 S. C., 328, 36 Am. Rep., 687; *Bulwinkle v. Cramer,* 27 S. C., 380, 3 S. E., 776, 13 Am. St. Rep., 645.

In such case the parol evidence as to consideration may be admissible for the purpose of showing the entire agreement of which the note is only a part upon the theory that the verbal portion of the entire agreement is consistent with and does not add to or alter the written instrument. *Kaphan v. Ryan,* 16 S. C., 360; *Bulwinkle v. Cramer, supra.* But, in the absence of fraud, accident, or mistake, where the verbal portion of the alleged agreement is so inconsistent with the express terms of the written instrument as to render the choice of such a writing as a medium for expressing the intent of the parties practically meaningless if effect is given to such verbal portion, proof thereof is clearly obnoxious to the parol evidence rule. Wigmore on Evidence, § 1443. Concededly, however, the correct application of that rule to the facts of a given case is rarely free from difficulty.

The contention in the case at bar is that there was a failure of consideration, in that the plaintiffs, the payees of the note, breached two conditions of a contemporaneous verbal agreement, to wit: (1) That they would hold the note as security to the maker's open account; and (2) that they would use the note merely to borrow upon, and not to sue upon.

As to the alleged promise to hold the note as security to the open account, even if proof of noncompliance with such a condition were admissible, we agree with the view of the Circuit Judge that there was no evidence tending to show breach of any such condition. An agreement to hold a note, one simple contract, as "security" for a debt due on another simple contract, an open account, could mean nothing more than that the right of action on the account to the amount of the note would be postponed or suspended during the period of time the note was to run and that the

note should not be applied .as a payment of or credit on the account. But in that case after maturity of the note, it was optional with the plaintiff whether he would resort to the original cause of action upon the account or sue upon the note. *Costelo v. Cave,* 2 Hill, 528, 27 Am. Dec., 404. Since enforcement of the right of action upon the note after maturity was entirely consistent with the alleged promise to hold the note as security to the past-due account, there was no evidence tending to show that the note was not held as security to the account as agreed.

As to the second condition of the alleged verbal agreement—that the note should be used by the payee merely for purposes of borrowing, and should not be sued upon—we are of the opinion that, under the facts of this case proof of such an agreement falls clearly within the inhibition of the parol evidence rule. If the note, as conceded, was intended to secure the debt ad-· mittedly due upon the open account, it was supported by the valuable consideration of a pre-existing debt. See sections 24 and 25 of the Negotiable Instruments Act (28 Stats. p. 673). The validity of the debt the note was given to "secure" was not in question. Although the law recognizes that parties may legitimately employ a negotiable instrument for the sake of one or more of its special attributes while discarding others, the extent to which an extrinsic agreement of that kind may be made effective is generally limited to alteration or abrogation as between the parties of the implied conditions—that is, the conditions annexed by law to a negotiable instrument, such as the rules of presentment and demand, of acceptance and dishonor, of transfer of title and obligation by indorsement, of primary and secondary liability, etc. Wigmore on Evidence, § 2443. But an extrinsic oral agreement which directly affects the contract in writing as to the matters expressly dealt with in the instrument itself is ineffective. Thus an extrinsic agreement relating to mode of payment (*Am.*

*Fertilizing Co., v. Sims,* 90 S. C., 541, 73 S. E., 1036; *Cline v. Oil Mill,* 83 S. C., 204, 65 S. E., 272; *McClanaghan v. Hines,* 2 Strob. 122), as to amount of payment (*Asbill Motor Co., v. Chaplin* (S. C.), 112 S. E., 921), as to time of payment (*Lewis v. Wilson,* 108 S. C., 47, 93 S. E., 242), must be, by the foregoing test, ineffective, since the parties have expressly dealt with those matters in the instrument. Likewise, as pointed out by Dr. Wigmore (Section 2444, Wigmore on Evidence), "an agreement not to enforce or sue upon the instrument at all must be equally ineffective." In the case of *McGrath v. Barnes,* 13 S. C., 328, 36 Am. Rep., 687, the parol evidence offered "tended to show that the parties had agreed at the time of the making of the note, that if the demand for which the note was given, was rejected by the ordinary, the note should not be paid." This Court held that the evidence was "an attempt to show that a different agreement was made than that which is expressed in the note, and one that would place the claim on a different footing from that on which the law placed it," and hence that "the evidence was improperly received." In *Arthur v. Brown,* 91 S. C., 316, 74 S. E., 652, the defendant sought to show that he signed the note upon the condition that he was not to be held liable thereon, and that he placed the letter "C" after his signature to indicate the condition that he was not to pay. The testimony was held inadmissible on the ground that one cannot "make in writing a promise to pay" and "then prove by parol evidence that the written promise was no promise," etc. In this case the defendant admits the validity of the note as a "security" to a past-due debt, and as an evidence of debt upon which the plaintiff was entitled to borrow. Extraneous conditions limiting the force and effect of the instrument to those objects, and at the same time withholding the right to enforce by suit the unconditional written promise to pay, would seem to be not only inconsistent with each other, but clearly in deroga-

tion of the express terms of the written contract. *Western Carolina Bank v. Moore,* 138 N. C., 529, 51 S. E., 79; *Bank v. Tisdale,* 84 N. Y., 655; *Hirsch v. Oliver,* 91 Ga., 554, 18 S. E., 354; *Forsythe v. Kimball,* 91 U. S., 291, 23 L. Ed., 352. The Circuit Judge correctly held that the verbal agreement relied upon was obnoxious to the parol evidence rule and ineffectual as a defense.

The judgment of the Circuit Court is affirmed.