12669

CAROLINA NAT. BANK v. WILSON *ET AL.*

(150 S. E., 765)

*Mr. C. T. Graydon,* for appellant,

*Messrs. Moorman & Moorman,* and *R. B. Herbert,* for
respondent,

May 24, 1929.

The opinion of the Court was delivered by MR. ACTING
ASSOCIATE JUSTICE J. W. THURMOND.

This action was instituted in the County Court of Rich-
land County by the Carolina National Bank against Cole L.
Blease as an indorser of a promissory note for $1,000, exe-
cuted by W. Harold Wilson September 29, 1924, and pay-
able ninety days after date to the order of said bank for
value received.

The defendant set up what he called a conditional indorse-
ment of the note, and offered testimony to prove the same,
but, upon objection made by plaintiff's attorneys, the testi-
mony was excluded upon the ground that parol testimony
was not admissible to vary the note, a written instrument.

The complaint was in the usual form of a complaint on
a negotiable note. The answer by the defendant reads:

"The defendant, Cole L. Blease, answering the complaint
herein, says:

"I. That he admits the endorsement of said paper as set
forth in said complaint, but alleges that said endorsement
was made conditional, the original note having been en-
dorsed by the father of W. Harold Wilson and John W.
Conder; that said note became due while the endorsers were
out of the city and that this defendant was requested to en-
dorse the same temporarily and until the said endorsers re-
turned and that when said endorsers had so returned it was
agreed by and between the bank, the maker of the note and
this defendant that this defendant should be released upon

said endorsement, and this defendant alleges that he is in fact and in law released therefrom.

"Wherefore, defendant prays judgment that the complaint be dismissed as against him. C. T. Graydon, Attorney for Defendant Cole L. Blease."

Exceptions 1, 2, 3, 4, and 5 raise in one form or another but one issue, to wit, should parol testimony have been admitted to vary the note?

The defendant contends that his endorsement was conditional; the condition being that said note was to be destroyed upon return to the city of the indorsers of a former note to the bank, which represented the same debt that the present note evidences.

■ Extension of time for the payment of an obligation is sufficient consideration for a new note evidencing the same debt.

■ As between the same parties the defense of conditional delivery in a proper case may be set up. See Code of Laws of South Carolina, 1922, Vol. 3, § 3667.

In *Ware v. Allen,* 128 U. S., 590, 9 S. Ct., 174, 32 L. Ed., 563, held:

"1. Where, before the signing of a written instrument, it was agreed between the parties thereto that it was to be of no effect unless, upon consultation with counsel named, the defendant should be assured that the transaction out of which it arose was lawful—held, that proof that they were advised by such counsel that such transaction was illegal shows that the instrument never went into effect; that the condition upon which it was to become operative never occurred.

"2. Held, further, that this is not a question of contradicting or varying a written instrument by parol testimony, but a case, well recognized in the law, by which an instrument, whether delivered to a third person as an escrow or

to the obligee in it, is made to depend as to its going into operation upon events to occur or to be ascertained thereafter."

It will be observed from the authorities quoted herein that an agreement for conditional delivery is open to investigation and to be shown by parol testimony only before the delivery is complete, and not afterward.

In *McDowall v. Beckly*, 2 Mill Const., 265, Justice Nott delivering the opinion of the Court said: "It is not only a sound and salutary rule of law, but it is equally a rule of common sense, that written contracts should not be controlled by oral testimony. The various conceptions of different minds on the same subject, the liability of all persons to forgetfulness, the influence of passion, prejudice, and interest, renders unwritten contracts, at all times, uncertain. But *litera scripta manet*. It cannot change with times or circumstances; and when a contract is reduced to writing, the law presumes that the writing contains the whole agreement."

The author at page 1030, 16 R. C. L., says: "When a writing, upon its face, imports to be a complete expression of the whole agreement, and contains thereon all that is necessary to constitute a contract, it is presumed that the parties have introduced into it every material item and term, and parol evidence is not admissible to add another term to the agreement, although the writing contains nothing on the particular item to which the parol evidence is directed."

In *Cline v. Farmers' Oil Mill*, 83 S. C., 204, 65 S. E., 272, held: "A simple promissory note for $150, for one bay mare mule cannot be defeated by parol evidence to the effect that that sum was only to be paid in case the maker collected $50 of one man and $50 of another, as this evidence would vary the terms of the note."

In *Blackwell v. Faucett*, 117 S. C., 60, 108 S. E., 295, 296, Justice Cothran delivering the opinion of the Court says: "There is no more wholesome rule of law, in my opin-

ion, than that anounced in *Lagrone v. Timmerman*, 46 S. C., 411 (24 S. E., 290) : 'When the parties have reduced their contract to writing, the Court can only look to the terms in which the parties have expressed their intention in such writing.' "

These cases were quoted in the case of *Gladden v. Keistler*, 141 S. C., 541, 542, and 543, 140 S. E., 161, the opinion in which case was written by Justice Stabler, known to be a jurist of great common sense and practical views, and had the concurrence of Chief Justice Watts, and Acting Associate Justice Purdy, and that case makes the controlling principle in this case *stare decisis*. It seems to me that this case simply follows the principle well established theretofore in this State.

In *Stalnaker et al. v. Tolbert*, 121 S. C., 437, syl. 6, 114 S. E., 412, 413, held :

"An oral agreement that a note given by debtor to creditor would be used by creditor merely for the purpose of borrowing, and suit would not be brought on it, was within the inhibition of the parol evidence rule." See, also *Jackson v. Carter*, 128 S. C., 79, 121 S. E., 559.

"In the case of *McGrath v. Barnes*, 13 S. C., 328, 36 Am. Rep. 687, the parol evidence offered 'tended to show that the parties had agreed at the time of the making of the note, that if the demand for which the note was given, was rejected by the ordinary, the note should not be paid.' This Court held that the evidence was 'an attempt to show that a different agreement was made than that which is expressed in the note, and one that would place the claim on a different footing from that on which the law placed it,' and hence that 'the evidence was improperly received.' In *Arthur v. Brown*, 91 S. C., 316, 74 S. E., 652, the defendant sought to show that he signed the note upon the condition that he was not to be held liable thereon, and that he placed the letter 'C' after his signature to indicate the condition that he was not to pay. The testimony was held inadmissible on the ground that one

cannot 'make in writing a promise to pay' and 'then prove by parol evidence that the written promise was no promise,' etc."

In *Lewis v. Wilson, Jr., et al.,* 108 S. C., 47, 93 S. E., 242, held: "Parol agreement to renew note from year to year for definite time upon payment of interest, although made to induce written contract to pay on a fixed date, contradicts the writing, and is incompetent." See *Asbill Motor Co. v. Chaplin,* 120 S. C., 211, 112 S. E., 921; *Busby v. Hamby,* 123 S. C., 534, 117 S. E., 223.

In the case under consideration, the defendant does ■ not claim that there was a conditional delivery under the law above quoted, but that there was a conditional indorsement, and that he was entitled to show that condition.

To avail a defendant in such a case, the conditional indorsement would have to be in the nature of a conditional delivery, such as, that A or B, or both, must indorse the paper before it is considered delivered, or that the maker is to execute a mortgage of certain property, etc., before the indorsed note is considered delivered.

The testimony excluded tended to show that an absolute promise to pay the debt of W. Harold Wilson was expressed in writing, but that the note was to be destroyed upon the return of the indorsers of the original note to the city.

This' parol testimony would clearly vary the written instrument under the well-established rule in this State. When the indorsement was made of the note and the note delivered, the transaction was complete, and parol testimony was not admissible to vary plain words of the note.

There was no ambiguity in the note, and no agreement that the note was not to be delivered until something else had happened, and the agreement invoked a condition which was not to occur until after the note was delivered; hence there was a valid indorsement and a complete delivery; and parol testimony inconsistent with indorsed note after deliv-

ery under the numerous cases cited was properly held inadmissible by the Court.

This conclusion having been reached, a verdict was correctly directed.

All exceptions are overruled, and the judgment of the lower Court affirmed.

MESSRS. JUSTICES COTHRAN and STABLER and MR. ACTING ASSOCIATE JUSTICE ALBERT E. HILL concur.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and CARTER did not participate. ′