13245

COLUMBIA NATIONAL BANK v. PEOPLE'S BANK *ET AL.*

.(160 S. E., 728)

*Messrs. W. E. Free* and *E. H. Henderson,* for appellant,

*Messrs. J. Wesley Crum, Elliott, McLain, Wardlaw & Elliott* and *Harley & Blatt,* for respondent,

September 17, 1931.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE.

In November, 1921, People's Bank of Bamberg went into voluntary liquidation, with the directors in charge, and some time subsequently, not disclosed by the record, a receiver was appointed.

At the time the Bamberg bank closed, Palmetto National Bank of Columbia, S. C., held its unindorsed note in the sum of $15,171.81, secured by certain collateral.

In February, 1923, under circumstances hereafter related, a renewal of this note was executed by the People's Bank of Bamberg for the amount above stated which, however, was indorsed by its directors, appellants herein. This, too, was a collateral note, and was renewed from time to time, the last renewal having been made apparently on 16th December, 1923. It was signed, "People's Bank of Bamberg, By C. E. Black, Vice-President." On the back appear

the names of appellants as indorsers, and also an indorsement in blank by the payee, Palmetto National Bank.

Claiming to be the owner and holder for value of this last renewal note the Columbia National Bank commenced this action in the Court of Common Pleas for Bamberg County on September 10, 1926, against People's Bank of Bamberg, as maker, and appellants herein, as indorsers. The complaint alleged the sale at public auction of the collateral pleged to secure the note, due credit thereon of the proceeds of sale, and prayed judgment against defendants for the balance due, with interest and attorney's fees as therein provided.

The chief defenses set up in the answer were: (1) that respondent was not a holder in due course of the note sued on; (2) that the indorsements were induced and procured by agreements and promises of Palmetto National Bank with reference to the liability of the appellants on their indorsements, and with reference to the handling of the collateral pledged to secure the note, which agreements and promises were alleged to have been made by the payee bank with the present intention of breaking them, thereby deceiving appellants and inducing them to indorse the note, but for which they would not have indorsed it; and (3) that due diligence had not been employed in the handling and collection of the collateral.

At the trial, respondent offered the note in evidence and rested. Appellants thereupon sought to introduce certain evidence which, upon objection, was excluded by the trial Judge. However, in the absence of the jury, the proffered evidence was allowed by the trial Judge to be taken and entered.

The testimony thus taken was offered in support of the defenses above outlined, being, in substance, that Matthews, president of the payee bank, had made certain promises and representations at the time of the execution of the original indorsements, the effect of which, were that appellants would

not be held liable on their indorsements, but that the payee bank would look only to the collateral for payment of the note; that they relied upon those agreements and promises, and but for them would not have indorsed the note; and further, that the agreements and promises had not been kept, because suit had been brought on the indorsements.

Upon the jury being recalled, the trial Judge directed a verdict for respondent for the amount due on the note, for which judgment was duly entered.

The exceptions assign error in excluding the testimony offered as to the transactions with, and agreements and promises made by Matthews; in holding the note sued on to be a negotiable instrument; in holding that respondent is a holder in due course; and in directing a verdict for respondent, instead of submitting the case to the jury.

The parties have agreed in the transcript of record that the defense set up was "that their indorsements were obtained by the fraud of the Palmetto National Bank." That seems to us also to be the real issue in the case.

Under the view which we take of the evidence, it is unnecessary to pass upon the ofttimes troublesome question, upon which there is a substantial divergence of authority, whether the note sued on was a negotiable instrument. It is likewise unnecessary to decide the kindred issues which flow therefrom and are presented by some of the exceptions.

Appellants rely upon *Palmetto Bank & Trust Co. v. Grimsley,* 134 S. C., 493, 133 S. E., 437, 51 A. L. R., 42, as authority for the admissibility, despite the parol evidence rule, of the excluded evidence. The principle is recognized and followed in that case that the making of a promise (which induced the execution of a contract) by one who had no intention at the time of performing it constitutes a fraud on account of which the contract may be rescinded; and that the parol evidence rule does not inhibit the proof of such a promise, if it was made fraudulently, and by deception induced the execution of the written instrument. Com-

pare *Parham-Thomas-McSwain, Inc. v. Atlantic Life Ins. Co.,* 111 S. C., 37, 96 S. E., 697; *Continental Jewelry Co. v. Kerhulas,* 136 S. C., 496, 134 S. E., 505.

It is, of course, equally well recognized and established that fraud may be shown by circumstantial, as well as direct, evidence *(Continental Jewelry Co. v. Kerhulas, supra),* and that whether the intention, which in such cases constitutes the fraud, existed, may often be proved by a showing of a combination of circumstances, no one of which, standing alone, may appear to be of bad import, but all of which, taken together, may warrant the inference sought to be proven. *Parham-Thomas-McSwain, Inc. v. Atlantic Life Ins. Co., supra.*

The evidence proffered in the instant case, construed most favorably to appellants, shows that Matthews promised, if appellants indorsed the note, of which the note sued on is a renewal, he would not enforce the indorsements according to their terms; that, so far as the indorsers were concerned, he would look only to the collateral for the collection of the note; and that these promises have been broken by the commencement of this action. No circumstances attending the transaction with Matthews, as a result of which the indorsements were procured, are shown tending to establish, or warranting the inference, that he then intended not to perform his promises and agreements. Nor does the evidence show that Matthews or the payee bank violated these promises. On the contrary it would appear that the promises remained unbroken so long as Matthews and the payee bank held the note.

It may be contended, as appellants evidently supposed, that the bringing of the present action on the indorsements, taken together with the making of the promises referred to, affords some evidence of the fraud alleged. Clearly, such a contention is unsound. It is not sufficient to rely solely on the subsequent breach of a promise or agreement to show that the intention of not performing it existed

when it was made. Moreover, the evidence herein fails to show that the transfer to respondent was made merely for the purpose of bringing the suit for the benefit of the payee bank. So far as the evidence reveals, the payee bank and Matthews are entirely unconnected with this action.

We are constrained to hold, therefore, that appellants have failed to establish any circumstances from which fraud can be inferred on the part of Matthews in the making of the promises relied on by appellants. The evidence as to such promises and agreements, varying the terms of the instrument and indorsements, had no probative weight, and was properly excluded by the trial Judge. *Greer Bank & Trust Co. v. Waldrop,* 155 S. C., 47, 151 S. E., 920; *Carolina National Bank v. Wilson,* 153 S. C., 251, 150 S. E., 765; *Arthur v. Brown,* 91 S. C., 316, 74 S. E., 652.

The complaint alleged that certain of the securities pledged with the note as collateral were, after due advertisement, sold by respondent at public auction to the highest bidder for the sum of $100, which was credited on the note.

The note contained a provision that the payee bank "is hereby authorized, upon non-payment of any of the liabilities above mentioned when they become due, to sell, assign and deliver the whole of the said securities, or any part thereof, or any substitutes therefor, or any addition thereto * * * at public or private sale, at the option of the said bank, without either advertisement or notice, which are hereby expressly waived."

Appellants contend that the sale of the securities, as above stated, was in violation of an agreement or promise made by Matthews that the collateral would be held and the note credited as the collateral was realized on, and that it would not be sold. Such agreement or promise expressly varied the terms of the note indorsed by the appellants. Testimony in support of it was therefore inadmissible.

Appellants advance the further contention that, irrespective of the question of fraud, the testimony as to their transactions with Matthews and his promises and agreements was admissible as showing the consideration for the indorsements, citing *McGrath v. Barnes,* 13 S. C., 328, 36 Am. Rep., 687, and *Stalnaker v. Tolbert,* 121 S. C., 437, 114 S. E., 412.

These cases recognize that where the consideration of a note rests in an extrinsic agreement, written or oral, proof of such agreement does not necessarily tend to vary the terms of the note, although the true consideration when shown may affect recovery thereon. They, however, do not go to the extent of permitting the admission in evidence of an extrinsic agreement, which is clearly in derogation of the terms of the written contract.

In the instant case, the parol evidence offered manifestly adds to, and alters the terms of, the written instrument. It does not tend merely to prove the consideration for the indorsements, even though it may have been the inducement therefor. Such evidence was therefore inadmissible. *McGrath v. Barnes, supra; Stalnaker v. Tolbert, supra; Carolina National Bank v. Wilson, supra; Arthur v. Brown, supra;* and cases cited.

The renewal of the note in this case for the People's Bank was ample consideration for the indorsements of appellants. *Carolina National Bank v. Wilson, supra.* In addition, in this connection, their liability both as directors and stockholders of the People's Bank cannot be overlooked.

No evidence was offered tending to support the allegations in the answers of lack of diligence by respondent or the payee bank in the handling of the collateral to the note. These defenses consequently need not be considered.

In any view of the case, whether the instrument sued on is a negotiable note or an ordinary contract, the evidence proffered was inadmissible. Even if competent, it wholly

fails, in our opinion, to establish the defense of fraud set up by appellants. It follows, therefore, that the trial Judge properly directed a verdict for respondent.

Judgment affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN and STABLER concur.

MR. JUSTICE CARTER disqualified.