14028

C. G. GUNTER, INC., v. HINDMAN *ET AL.*

(179 S. E., 494)

438

*Messrs. Blythe & Bonham* and *B. F. Martin,* for appellants,

*Mr. A. P. DuBose,* for respondent,

446

March 27, 1935.

The opinion of the Court was delivered by MR. A. L. GASTON, ACTING ASSOCIATE JUSTICE.

Judgment herein was rendered on the pleadings by an order of the presiding Judge, dated February 17, 1934, for the full amount of the note and interest, executed by the defendants, dated August 8, 1931, due November 1, 1931, and payable to the plaintiff.

The order appealed from (1) sustained plaintiff's demurrer and motion to strike out the affirmative defense alleged in the answer, (2) refused defendants' motion to amend by setting up its counterclaim and (3) ordered judgment for plaintiff for $1,300.92.

The exceptions charge error on the grounds that the answer pleads as affirmative defenses failure of consideration; discharge of the note by breach, or satisfaction by what amounts to payment; conditional delivery; and that parol testimony is admissible to establish these affirmative defenses, and that judgment should not have been granted on the pleadings. In other words, the appellants contend that notwithstanding the fact that the plaintiff sues upon a written instrument and promissory note executed jointly by both defendants, yet the defendants are entitled, in spite of the plain and unambiguous terms of the written instrument, and should be allowed under the allegations of the answer to prove by parol testimony the defenses alleged.

The allegations of the answer for the purposes of the demurrer are admitted to be true, and unless these allegations are sufficient to constitute a defense, as a matter of law, the case was properly withdrawn from the jury and tried by the Court. The counterclaim sought to set up the same facts shown in the answer, and further alleges that the plaintiff refused to accept the note and real estate mortgage there-

after executed by C. C. Hindman and C. O. Hobbs and tendered to the plaintiff who refused to accept said note and mortgage or to cancel and return the open note of the defendants herein in violation of their agreement, and by reason of plaintiff's breach of said contract Lucy L. Hindman has been compelled to employ attorneys in this action and incur other expenses to her damage in the sum of $500.00 for which she claims judgment by way of counterclaim.

The circuit order fully, clearly, and correctly sets forth the issues involved in the suit, and to avoid a needless repetition this order will be reported.

The exceptions which relate first to the alleged failure of consideration will first be considered. The allegations of the answer and of the proposed counterclaim show that the plaintiff paid $1,000.00 in cash to the Connally estates as sellers of the Oates building in Asheville, N. C. The purchasers of the Oates building were C. C. Hindman, C. O. Hobbs, and the plaintiff, and each was to acquire a one-third interest in the Oates building; the said Hindman and Hobbs were to convey to the sellers a lot owned by them, and the plaintiff was to pay $1,000.00 in cash; and these three parties agreed to take title to the Oates building and lot of land subject to a mortgage thereon of $40,000.00, and as payment for the balance to execute to the sellers a second mortgage for $14,000.00. It is, therefore, apparent that this agreement was entered into by these three parties voluntarily and that no issue is raised in this suit in regard to the terms of this agreement, which was for the mutual benefit of these three parties. The plaintiff was to pay $1,000.00 in cash and in consideration thereof was to be let into the trade to the extent of one-third interest in the property, but it is alleged that in order to secure the plaintiff against loss on this payment Hobbs and Hindman agreed to execute to the plaintiff their note secured by a mortgage on other real estate in Asheville, N. C. But C. C. Hindman was sick when these parties met to close the trade,

and because of his absence and other reasons, and in order to keep the trade from falling through the plaintiff telephoned to Hindman, and agreed to make the payment of $1,000.00 to the sellers, provided C. C. Hindman and Lucy L. Hindman would give their note for $1,000.00 to hold as security until Hindman and Hobbs could execute and deliver their note and real estate mortgage. It is apparent, therefore, that the plaintiff did not pay the $1,000.00 until the note was executed by the defendants herein; and that the defendants executed their note and delivered the same to the plaintiff who, in consideration thereof, made the cash payment to the sellers. Thereupon the trade for the Oates building was consummated and the transaction with the sellers was subsequently carried out and the trade did not fall through. While it appears that the plaintiff, in return for the payment of the $1,000.00, was to receive a one-third interest in the Oates property, it was the further consideration that upon the payment of the $1,000.00 the trade would not fall through and that C. C. Hindman and Hobbs would receive the benefits of the trade. The consideration of the execution of the note by the defendants was not only to save the plaintiff from loss, but was to keep the trade from falling through for the benefit of C. C. Hindman and Hobbs. The allegations of the answer are not sufficient, if true, to show that there has been a failure of consideration, but, on the contrary, these allegations go to show that the note was executed for valid consideration at the time of its execution and that the trade did not fall through because of the payment of the $1,000.00, which was made because of the execution of the note. The answer does not allege fraud in the execution of the note. When the note was delivered, the transaction was complete, and parol testimony cannot be admitted to vary the plain words of the note. *Carolina National Bank v. Wilson,* 153 S. C., 251, 150 S. E., 765.

The answer fails to allege facts sufficient to show a failure of consideration even if the answer should, for the sake of

argument, be construed to allege a different consideration. It cannot be contended that there was a failure of consideration when it is admitted that the plaintiff, after the execution of the note and in consideration thereof, paid $1,000.00 to the third party and consummated the trade for the purchase of the Oates property, and thereby kept the trade from falling through, for the benefit of all three of the purchasers. The appellants' exceptions as to alleged failure of consideration cannot be sustained and are overruled.

We will next consider the exceptions which relate to the alleged discharge of the note by breach or satisfaction by what amounted to payment. The appellants seek to show by parol testimony that the method and mode of payment of the note and its discharge as contemplated by the parties is other than that specified in the instrument. The case of *Ballenger v. Macauley,* 159 S. C., 389, 157 S. E., 141, 143, is directly in point and fully disposes of this contention. This case holds that it is competent to show by parol evidence a distinct and independent agreement between the parties to a written contract, which does not contradict or vary the written agreement. In the *Ballenger case* it was held that the note was payable by its terms in money and that the holder of the note was under no obligation to accept stock of the Seneca Bank or anything else in the payment of the note. "If the alleged agreement attempted to be set up in defendant's answer should be allowed to prevail, the plaintiff would be forced to accept something in payment not named in the note, which would be inconsistent with and repugnant to the intention of the parties, as shown by the written instrument involved, the note in question. We are unable to agree with the appellant in his contention that to allow the defendant to exchange bank stock for the note and to require the plaintiff to accept the same would not vary the terms of the note. The wording of the note is full and complete, and, in our opinion, to permit the defendant to prove the alleged parol agreement set up in his answer

would be in the face of the settled rules of law and lead to much confusion, if not great wrong."

Under the authority of the *Ballenger case,* these exceptions cannot be sustained and must be overruled.

Likewise the appellants' contention by the exceptions as to conditional delivery of the note cannot be sustained for the reason that the defendants admitted that the note was executed and delivered by them, but claim that the note was to be held as temporary security for the money paid by the plaintiff and was to be returned to the defendants as soon as another note and real estate mortgage were executed. We think these exceptions are disposed of and settled against the appellants' contention by the settled law of this state. *Carolina National Bank v. Wilson,* 153 S. C., 251, 252, 150 S. E., 765; *Gladden v. Keistler,* 141 S. C., 524, 140 S. E., 161; *Alexander v. Kerhulas,* 151 S. C., 354, 149 S. E., 12.

The defense sought to be set up in the counterclaim is fully disposed of by the circuit decree and for the reason therein stated the counterclaim cannot be allowed. The defendant C. C. Hindman admits the execution of the note by him and its delivery for the purposes for which it was intended and there is no dispute of the fact that the note was also signed by his wife, Mrs. Lucy L. Hindman, pursuant to the express agreement with the plaintiff, prior to the payment by him of the money to the sellers, to keep the trade from falling through. The present attempt of the appellants to dispute, contradict, and vary the plain terms of the note, by attempting to show that another and a different note and real estate mortgage were thereafter to be executed by C. C. Hindman and C. O. Hobbs, in lieu of the original note, is contrary to the rule of law in this State which prohibits the introduction of parol evidence to vary, modify, or contradict the terms of the written instrument. Not only is this true, but the allegations of the answer and of the proposed counterclaim failed to sustain the ap-

pellants' contention in this case and are contrary to the settled rules of law and would lead to much confusion, if not great wrong.

The case of *Columbia National Bank v. People's Bank et al.*, 162 S. C., 324, 160 S. E., 728, holds that even where the consideration of a note rests in an extrinsic agreement, written or oral, proof thereof does not necessarily vary the terms of the note; but none of the cases go to the extent of permitting the admission in evidence of an extrinsic agreement, which is clearly in derogation of the terms of the written contract; and this case holds that in an action on indorsements of a note that parol evidence to the effect that indorsers were not to be liable under certain conditions violated the rule of law against parol evidence and was, therefore, not admissible.

The appellants in this case rely upon the recent decision of this Court of *Halsey v. Minnesota-South Carolina Land & Timber Company*, 174 S. C., 97, 177 S. E., 29, and by supplemental argument have cited this case. No new principles of law are promulgated in this decision and it has always been recognized as a part of the fundamental law on this subject that parol testimony may be admitted to show a different consideration from that expressed in a written instrument, when the statement of the consideration is intended as a mere recital, such as "one dollar and other valuable considerations," or such as the term "value received," or any other words indicating a mere recital as to the consideration in a written instrument such as a deed or mortgage or note or other paper; but parol testimony cannot be admitted to contradict the language of the written instrument in reference to the consideration, when it is contractual in its nature. This proposition of law was fought out in the case of *Gladden v. Keistler, supra.* In the *Halsey case* the consideration stated in the contract for the purchase price of four tracts of timber land was stated in a lump sum and this Court held that parol evidence was admis-

sible to show the separate value of each tract. It cannot be contended that such testimony would have been admissible to contradict the amount of the total purchase price and to show that a contrary and different sum was the amount of the purchase price of all the timber land.

Notwithstanding the argument of counsel in this case, the questions raised by the exceptions have all been carefully considered and fully disposed of.

The exceptions are overruled and the order and judgment appealed from are affirmed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES CARTER and BONHAM, and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.