17561

SWIFT & COMPANY, Plaintiff-Respondent, v. H. H. GRIGGS, Azelea R. Griggs and J. C. Griggs, Defendants-Appellants

(109 S. E. (2d) 710)

*John P. Gardner,* Esq., of Darlington, *for Appellants,*

*Messrs. Stuckey & Stuckey,* of Bishopville, and *Paulling & James,* of Darlington, *for Respondent,*

August 4, 1959.

TAYLOR, Justice.

This appeal arises out of an action brought by respondent, Swift & Company, (hereinafter referred to as plaintiff) against appellants, H. H. Griggs, Azelea R. Griggs and J. C. Griggs (hereinafter referred to as defendants) in the Court of Common Pleas of Darlington County.

The complaint alleges, *inter alia,* that H. H. Griggs and Azelea R. Griggs, on November 27, 1956, entered into a written agreement with plaintiff providing that said defendants would sell plaintiff's plant food on a commission basis,

would obtain cash or notes from purchasers, and guaranteed payment of all accounts to plaintiff from sales; that J. C. Griggs on November 30, 1956, agreed in writing to guarantee performance of the aforementioned agreement of H. H. Griggs and Azelea R. Griggs and to guarantee payment of said accounts; that subsequently plaintiff delivered plant foods to H. H. Griggs and Azelea R. Griggs in the amount of $26,875.58, for which amount H. H. Griggs, in accordance with said agreement, delivered his note to plaintiff dated July 26, 1957; and that H. H. Griggs and Azelea R. Griggs on June 6, 1957, entered into an agreement similar to that of November 27, 1956, to sell plaintiff's insecticides, delivery of which was made by plaintiff to H. H. Griggs and Azelea R. Griggs. The complaint further alleges that defendants have paid to plaintiff, or been given credit for, certain sums, and judgment is demanded against defendants for balances alleged to be due plaintiff under said two agreements, the guaranty of J. C. Griggs, and the note.

By the first defense of their amended answer, defendants enter a general denial. By the second defense they allege, *inter alia,* an oral offer made by an alleged agent of plaintiff to defendants on or about November 1, 1956; that said offer was the consideration for the signing by defendants of the instruments referred to in the complaint; and that plaintiff had failed to perform the promises so made to defendants. By the third defense, defendants deny delivery to them of the plant foods and insecticides and allege that they were paid no consideration for the note referred to in the complaint except plaintiff's promises referred to in the second defense.

Plaintiff moved at chambers before Honorable J. Woodrow Lewis, Resident Judge of the Fourth Judicial Circuit, (1) to strike the second defense of the amended answer on the grounds that it is sham, irrelevant and redundant and attempts to vary by parol testimony the terms of written instruments under seal, and (2) to strike the portion of the third defense of the amended answer which alleges want of

consideration for the note on the grounds that a sealed instrument voluntarily entered into and with no pretense of fraud cannot be impeached for want of consideration. Plaintiff also demurred to the second defense of the amended answer as failing to state facts sufficient to constitute a defense.

The order of Judge Lewis from which appeal is taken, struck from defendants' answer the words "said defendants allege that they never were paid any consideration for the notes referred to in plaintiff's complaint except the promises made by plaintiff as hereinabove set forth" of paragraph one of the third defense and the entire second defense which appears as follows:

"1. That on or about the 1st day of November, 1956, one, Thomas J. Sansbury, and one, W. H. Lee, called on the defendants and made this offer: that the said W. H. Lee was an agent of the plaintiff herein and that the plaintiff was desirous of putting Thomas J. Sansbury in business as a fertilizer dealer in Darlington, South Carolina, and that if the defendants would sign the papers referred to in paragraph two, paragraph five and paragraph eight of the first cause of action in plaintiff's complaint and paragraph one of the second cause of action alleged in plaintiff's complaint, that plaintiff would put the said Thomas J. Sansbury in business as fertilizer dealer, would approve each account before the delivery of fertilizer, would collect all open and secured accounts, would supervise the general operation of said business, would not approve or allow the said Thomas J. Sansbury to sell any fertilizer except to financially responsible people, would put the said Thomas J. Sansbury on his feet financially speaking by allowing him a ten per cent. commission on mixed fertilizer and a five per cent. commission on plant foods known as materials, and would sell him fertilizer for resale at a price which he would be able to compete with others.

"2. That the said Thomas J. Sansbury married a sister of the defendant, H. H. Griggs, and who is also a daughter

of the defendant, J. C. Griggs, and because of the fact that the said Thomas J. Sansbury was in povertous and necessitous condition at the time aforesaid and because of the fact that the said Thomas J. Sansbury had just lost his business and had at the time numerous liens and judgments against him and therefore could not have property shipped to him personally and was unable to find help from any other person and because of the fact that the said W. H. Lee told these defendants that they had made the same proposition to F. B. Stem, Sr., and other friends of Thomas J. Sansbury, but they had refused. These defendants, relying on the offer made by the said W. H. Lee as aforesaid, while acting within the course and scope of his employment by the plaintiff, accepted said offer and thereupon performed the promises made to plaintiff as aforesaid.

"3. That the papers referred to in the complaint were signed by defendants in response to the offer above set forth by the plaintiff and that the promises made by the plaintiff, acting by and through their authorized agent as aforesaid, were the consideration for the signing by the defendants of said papers.

"4. That said promises were reiterated by said W. H. Lee, acting within the course and scope of his employment by plaintiff, from time to time through July of 1957.

"5. That thereafter plaintiff and Thomas J. Sansbury did operate a fertilizer business, but plaintiff, even though it was known to plaintiff's agents that the said Thomas J. Sansbury, though a good salesman, was unable to manage or supervise a business operation, failed to perform the promises made to defendants.

"6. That because of the aforesaid breach of promise by plaintiff to defendants and because of the failure of consideration for the promises made by defendants, these defendants are informed and believe that their contract with plaintiff should be declared a nullity.

"7. That the defendant, J. C. Griggs, alleges further that he is indebted to plaintiff by reason of the purchase of fertilizer in the amount of $1,238.32."

Defendants' second defense and the stricken words of the third defense attempt to set up the defense of failure of consideration based upon the alleged breach of a contemporaneous parol agreement inconsistent with the terms of the written instrument to the extent of rendering it practically meaningless. This they will not be permitted to do in the absence of fraud, accident, or mistake. *McDowall v. Beckly,* 2 Mill Const. 265, 9 S. C. Law 70; *Stalnaker v. Tolbert,* 121 S. C. 437, 114 S. E. 412; *Cheraw Motor Sales Co. v. Rainwater,* 125 S. C. 509, 119 S. E. 237; *Jackson v. Carter,* 128 S. C. 79, 121 S. E. 559; *Colt Co. v. Britt,* 129 S. C. 226, 123 S. E. 845; *First National Bank v. Ussery,* 131 S. C. 520, 128 S. E. 707; *Hartford Fire Ins. Co. v. Young,* 132 S. C. 34, 129 S. E. 129; *Carolina National Bank v. Wilson,* 153 S. C. 251, 150 S. E. 765; *Greer Bank & Trust Co. v. Waldrop,* 155 S. C. 47, 151 S. E. 920; *Columbia National Bank v. People's Bank,* 162 S. C. 324, 160 S. E. 728; *Etiwan Fertilizer Co. v. Johns,* 202 S. C. 29, 24 S. E. (2d) 74; *Gunter, Inc., v. Hindman,* 175 S. C. 436, 179 S. E. 494.

Appellants in their answer do not allege fraud, accident, or mistake but seek to show an entirely inconsistent and contradictory parol agreement.

We are therefore of opinion that the order appealed from should be affirmed, and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.