18021

SOUTHERN FROZEN FOODS, INC., Respondent, v. James W. HILL and Paul Schumpert, Appellants

(129 S. E. (2d) 420)

*Messrs. Edgar L. Morris* and *W. Ray Berry,* of Colum-
bia, *for Appellants,*

*Messrs. Lewis C. Trice* and *Edward A. Harter, Jr.,* of
Columbia, *for Respondent,*

February 4, 1963.

TAYLOR, Chief Justice.

This appeal comes from the County Court for Richland County where plaintiff brought action for the face amount of two separate notes together with interest and attorneys' fees. Defendants were held to be jointly and severally liable in the sum of $1,338.65.

The case was tried before the Honorable Legare Bates and a jury. At the close of plaintiff's case, defendants moved for a directed verdict as to the cause of action upon the second note on the grounds that the note which was introduced into evidence was made payable to Citizens National Bank of Montezuma, Georgia, and there was no testimony to show any interest of the plaintiff therein. The Court overruled the motion, whereupon the defendants proceeded with the introduction of evidence in their behalf.

Upon conclusion of defendants' evidence, attorneys for plaintiff moved for a directed verdict on both causes of action on the grounds that the only reasonable inference that could be drawn from the evidence was that the notes were given for valuable consideration and that there was no question as to the amount due on each. Attorneys for defendants also moved for a directed verdict on the ground that there was a failure of consideration. After hearing the argument of counsel for the plaintiff and defendants, the Court directed a verdict in favor of plaintiff for the amount alleged to be due on both notes, and defendants appealed.

It appears from the evidence that defendants, James W. Hill and Paul Shumpert, were the only stockholders in Palmetto Frosted Foods, Inc., hereinafter called the Corporation, whose business was distributing frozen foods. The Cor-

poration was the successor in business of an individual proprietorship owned by Mr. Schumpert and operated as Schumpert's Snow Crop Distributors, hereinafter called Schumpert's. Both Schumpert's and later the Corporation did business with the plaintiff, Southern Frozen Foods, Inc., a supplier of frozen foods.

Both the Corporation and the defendants executed identical notes, dated January 8, 1960, in the amount of $1,082-.50. Plaintiff brings suit only on the note signed by the defendants, the Corporation having gone out of business.

The January note appears to be in an amount equal to the indebtedness of Schumpert's to the plaintiff and contains in addition to the primary indebtedness, interest, attorneys' fees and Court costs owed by Schumpert's. Payments thereon were to be made in 10 equal installments of $108.25 per month and the evidence shows that all but the last three installments were paid by the Corporation. The note had been discounted at the Citizens National Bank of Montezuma and plaintiff was required to make the final three payments when defendants defaulted.

The Corporation and defendants also executed identical notes, dated August 26, 1960, in the amount of $848.00, which equaled an amount the Corporation was indebted to plaintiff. Both the January and August notes provided for 15% attorneys' fees and interest from maturity of 6% on the January note and 8% on the August note.

Defendants contend that plaintiff failed to meet the burden of proof required in that there was no evidence presented showing plaintiff's interest in the note of August 26, 1960. The August note is payable "To The Order Of The Citizens National Bank of Montezuma, Georgia," as was the January note; and plaintiff's witness testified that the note was given to plaintiff in payment of an indebtedness of the Corporation. The January note was endorsed and discounted at the bank by plaintiff and the August note, the first installment of which was not due until one month after the final

installment of the January note, was retained by plaintiff after defendants were in default on the first note.

In order for plaintiff to maintain its cause of action on the August note, it must show title to the note or privity between himself and defendants, or that as the holder thereof, it has the legal right to recover thereon. 10 C. J. S. Bills and Notes § 592. Plaintiff contends that the Note was a bearer instrument under the Negotiable Instruments Law, Section 8-820, Code of Laws of South Carolina, 1962. The pertinent language of the above Section being: "The instrument is payable to bearer: * * *. (3) When it is payable to the order of a fictitious or nonexisting person and such fact was known to the person making it so payable."

The fact that payees, who are real persons actually in existence, may be "fictitious" persons is well settled. The intention of the person making the checks "so payable" is controlling. 118 A. L. R. 25; 7 Am. Jur., Section 97, p. 840.

"A 'fictitious' person does not necessarily mean a 'nonexisting' person, and an instrument may be payable to a fictitious payee, within the meaning of the rule stated in subdivision (a) of this section, although there is an existing person corresponding to the name by which the payee is designated and known to the parties, where it was not intended by the maker or drawer of the instrument that he should have any beneficial interest in the instrument." 10 C. J. S. Bills and Notes § 129b, p. 581; see *Bourne v. Maryland Casualty Co.,* 185 S. C. 1, 192 S. E. 605, 118 A. L. R. 1.

A negotiable instrument is payable to a fictitious payee, through designating an existing person as such, and is therefore payable to bearer if the person making or drawing the instrument or his agent or employee whose knowledge is imputable to principal, did not intend that named payee should receive the instrument or its proceeds. *Ellis Weaving Mills v. Citizens and Southern Na-*

*tional Bank,* D. C., 91 F. Supp. 943, affirmed, 4 Cir., 184 F. (2d) 43.

In instant case, it was never intended that the named payee should receive the notes or the proceeds thereof. The note was made and executed by the defendants and delivered to plaintiff with the apparent intention of securing a valid pre-existing debt of the Corporation to plaintiff. The defendants never intended that the payee, the Citizens National Bank of Montezuma, should have any beneficial interest in the instrument or receive any of the proceeds thereof. As a matter of law, therefore, the August note should be treated as payable to bearer.

Defendants' next exception questions whether the notes were supported by valuable consideration.

As between the immediate parties to a negotiable instrument, want or failure of consideration may be questioned and if found constitutes a good defense. Section 8-845, Code of Laws of South Carolina, 1962. The Negotiable Instruments Law adopted in this State provides that "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration and every person whose signature appears thereon to have become a party thereto for value." Section 8-841, Code of Laws of South Carolina, 1962.

The August note was executed by defendants and delivered to plaintiff for a valid pre-existing debt that the Corporation owed to plaintiff. The January note was given by defendants in payment of Schumpert's debt to the plaintiff. Each note presents a different question concerning the presence or want of consideration. "Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value and is deemed such whether the instrument is payable on demand or at a future time." Section 8-842, Code of Laws of South Carolina, 1962.

It is conceded by defendants that the defendant Paul Schumpert is personally liable on the January note in light of the holding in *Stalnaker v. Tolbert,* 121

S. C. 437, 114 S. E. 412, to the effect that a note given by a debtor to his creditor is supported by valuable consideration.

The defendants testified that the January note "cleaned the books' of what Schumpert's owed plaintiff. It also appears that plaintiff had sued both defendants for said indebtedness prior to the execution of the January note; however, no evidence was presented as to the outcome of said suit. If as contended by defendant Hill that the January note was given only for the indebtedness of defendant Schumpert it becomes necessary to determine whether there is sufficient consideration supporting the January note in order to find Hill liable thereon. The general rule is that "An undertaking to pay the debt of a third person may, of course, be supported by a consideration by reason of a discharge, forbearance, or other new consideration, * * * ." 10 C. J. S. Bills and Notes § 150 d., p. 609. Defendants' own testimony substantiates the fact that the previous indebtedness of Schumpert's was discharged upon receipt of the January note; therefore, even if defendant Hill was not personally indebted to the plaintiff for the amount evidenced by the January note, it was supported by valuable consideration entitling plaintiff to collect thereon, as the discharge of the prior debt of Schumpert's was the consideration.

The August note presents the question of whether a pre-existing debt of a Corporation is valid consideration for the personal note of its principal stockholders and it appears this question is one of first impression in this jurisdiction.

"Bills or notes, or undertakings thereon, by corporate stockholders or officers for the debt of the corporation, * * * are usually held supported by some sufficient consideration of one type or another * * * such as, a payment or discharge of the indebtedness, forbearance, (or) an extension of time, * * * there are a number of cases which have indicated that, without regard to the existence of such a consideration, the

mere incidental benefit to the stockholder or officer by virtue of his relation to, or interest in, the corporation is of itself a sufficient consideration to sustain the instrument. Other cases * * * have held that, since a pre-existing debt of the corporation is not of itself consideration any more than a debt of any other third person, such an instrument is not supported by consideration in the absence of payment, discharge, extension, or some other recognized type of consideration." 10 C. J. S. Bills and Notes § 151 h, p. 624.

The rule appears to be in the majority of jurisdictions that a pre-existing debt of a corporation is valid consideration for the personal note of its stockholders or officers if supported by some recognized type of consideration.

California, Colorado, Illinois, Indiana, Massachusetts, New York, Oregon, and Washington adhere to the view that sufficient consideration exists merely by virtue of the incidental benefit to the stockholder because of his relationship to, or interest in, the corporation.

A benefit to the promisor or a detriment to the promisee may be deemed a valid consideration and will support a simple contract. *Furman University v. Waller et al.*, 124 S. C. 68, 117 S. E. 356, 33 A. L. R. 615; *Callaham v. Ridgeway*, 138 S. C. 10, 135 S. E. 646.

Defendants contend that they received no benefit of any nature for the execution of the August note and that there was no loss, detriment or inconvenience to the plaintiff. With this contention we do not agree as at the time the note was given by defendants there was a valid pre-existing debt owed by the Corporation to the plaintiff which was past due. This note called for payment of the debt in monthly installments of $106.00 each, commencing December 1, 1960. As is readily seen, the terms of the note gave the debtor an extension of time within which to pay the debt and such is a valuable consideration for the note of a third person to the creditor. *Connersville Casket Co. v. Gist*, Mo. App., 355 S. W. (2d) 374. It is not necessary, as contended by defend-

ants, that the note should wipe out or discharge the debt, as the granting of an extension of time is sufficient consideration, *Hutton v. Edgerton and Richards,* 6 S. C. 485.

For the foregoing reasons, we are of opinion that the judgment and Order appealed from should be affirmed; and IT IS SO ORDERED. Affirmed.

Moss, Lewis and Brailsford, JJ., and Legge, Acting J., concur.